# VON RECKLINGHAUSEN *v.* DEMPSTER.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

In an interference case in which the question whether the party conceded to have been the first to conceive the invention was the first to reduce to practice depended upon whether his application should be considered as a division of an earlier application covering the same invention, and therefore to relate back to the filing date of such application for a constructive reduction to practice, it was *held* that such was its effect, although the claims of the earlier application were involved in an interference and were rejected, and that application, after additional claims had been inserted therein by amendment and rejected, had become abandoned by lapse of time, where

the second application was filed within a year of the final rejection of the first. (Distinguishing *Saunders* v. *Miller*, 33 App. D. C. 456; following *Lotz* v. *Kenney*, 31 App. D. C. 205, and citing *Croskey* v. *Atterbury*, 9 App. D. C. 207 and *Duryea* v. *Rice*, 28 App. D. C. 423.)

No. 606. Patent Appeals. Submitted January 12, 1910. Decided February 16, 1910.

Hearing on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles A. Terry, Mr. Frederic P. Warfield, Mr. Holland S. Duell,* and *Mr. Charles H. Duell* for the appellant.

*Mr. Albert G. Davis* and *Mr. Alexander D. Lunt* for the appellee.

Mr. Justice Van Orsdel delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The Examiner of Interferences first awarded judgment of priority of invention to appellant, Max Von Recklinghausen, but this he reversed on rehearing, the latter decision being subsequently affirmed by the Board of Examiners-in-Chief and, in turn, by the Commissioner. The invention in issue relates to mercury vapor lamps, and is embodied in nine counts, the following, however, being sufficient to illustrate the invention for the purposes of this inquiry:

"1. A vapor device comprising a movable container normally separated electrodes or contacts in said container and included in the main operating-circuit of the device, one of such electrodes being a conducting liquid, and automatic means for moving the container so as to make and break conductive connection between the said electrodes."

Appellant filed his application on December 13, 1904, which

eventuated into a patent on July 18, 1905. He claims to have conceived the invention contained therein in October, 1903, and to have reduced the same to practice in October, 1904. Appellee, John T. H. Dempster, filed an application, the one here in issue, on August 14, 1905. It was found by the Examiner of Interferences, and conceded by appellant, that appellee has established conception of the invention as early as the summer of 1901. For reduction to practice, appellee seeks to rely upon the date of the filing of an earlier application, the drawings and specification of which are identical with the application here in interference. Two methods in which the apparatus is capable of use were there presented. Both were covered by generic claims, but only one form was claimed specifically, as required by the rules of the Patent Office. All the claims of this application were subsequently involved in an interference, and were rejected on February 25, 1905. No action thereon was taken by appellee until January 12, 1906, when several other claims were inserted by amendment, and subsequently refused by the Office. The application then became abandoned by lapse of time. In the meantime, on August 14, 1905, appellee filed the application here in issue, containing claims to the second species shown in the earlier application. It is contended that this should be considered as a division of the earlier application, and therefore entitled to relate back to its filing date for a constructive reduction to practice. If this contention is correct, appellee, being the first to conceive and the first to reduce to practice, must prevail.

It is urged on behalf of appellant that, as the filing of an allowable application is essential in order to constitute a constructive reduction to practice, "it was not until Dempster filed this so-called divisional application involved in this interference that he filed an allowable application for the invention involved herein." This court in *Croskey* v. *Atterbury,* 9 App. D. C. 207, answering the contention that the application there under consideration should not be considered as a constructive reduction to practice because "it was not an allowable application at the time it was filed, and did not become such until it

was amended May 18, 1893, by inserting the claims in interference and the words 'or in any suitable or known manner' in the original application," defined the term "allowable application" as follows: "Under the statutes and rules of practice of the Patent Office a completed and allowable application is one which, with the specifications, drawings, and model, if any, required to be filed therewith, describes a patentable invention in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it relates to make and use the same." It is settled law that claims may be introduced into an application by amendment, and, if their subject-matter is sufficiently disclosed by the application as filed, even though not theretofore claimed, they may relate back to and receive all the benefits and advantages incident to the earlier filing date. It is equally well settled that if, under the rules of the Patent Office, division is required between the later claims and those previously contained in the application, the original and the divisional applications will be treated as continuous, and the date of the filing of the original will be accorded the applicant as the date of constructive reduction to practice for both. *Duryea* v. *Rice,* 28 App. D. C. 423; *Lotz* v. *Kenney,* 31 App. D. C. 205.

True, the claims to the invention here in issue were never specifically presented in the earlier case; but the effect cannot be other than the same. To hold that it was necessary for appellee to insert the claims in issue in the original application in order to obtain the benefit of its filing date before presenting them in the division, would be to require that which would involve considerable delay in the prosecution of the case and which could accomplish no beneficial purpose. No such rule seems to have been contemplated by the Commissioner in *Hopfelt* v. *Read,* 106 Off. Gaz. 767, C. D. 1903, p. 319, quoted with approval in *Duryea* v. *Rice,* supra, when, speaking of the question of constructive reduction to practice, he said: "This is so when two applications are pending contemporaneously and the first is not abandoned, whether the claims are presented in the original application itself, or in a later application filed as a division or a continuation of the original application, as in

the second case the later application dates back to the earlier one. It is only necessary that the description in both applications shall be sufficient to support the claims. The fact that the Office practice may prohibit the prosecution and allowance of the claims in an earlier application does not prevent the applicant from availing himself of the earlier date of filing as his date of constructive reduction to practice, when he files a later application containing the same description and the claims based upon the same."

But counsel for appellant contend that the earlier application stood wholly rejected. It is true that the claims of the earlier application had been awarded to another party as the result of the former interference, but appellee was entitled to one year from February 25, 1905, in which to take such action as he desired. Within that time, he filed the application here in issue. Was there an application pending in the Office to which the divisional application might attach? This is the question upon which the authorities seem to turn. Here, we think there was. Until the period of one year had elapsed, this application was susceptible of amendment, and, if claims had been presented which met with the approval of the Patent Office, a valid patent could have been issued thereon. In fact, appellee presented an amendment which was acted upon by the Primary Examiner February 2, 1906.

Appellant relies upon the case of *Saunders* v. *Miller*, 33 App. D. C. 456, in which this sentence appears: "The filing of the process application cannot be considered as constituting a constructive reduction to practice of the apparatus, for it was not the invention involved in the application." It appears in that case that the appellant filed an application on February 24, 1905, for an improvement in rubber footwear with claims drawn to the process, claims to the article of manufacture or product being presented in a divisional application filed June 17, 1905. The process application became forfeited by the failure to pay the final fee. On September 8, 1906, within the period of two years allowed by law, appellant renewed his application, which was subsequently allowed. On January 10,

1907, appellant filed the application there in issue, containing claims to the apparatus described in appellee's process application. Appellee's application for the apparatus was filed June 19, 1905. The court was considering at the time it uttered the sentence just quoted whether the forfeiture of the process application containing a description of the apparatus, but no claims thereto, operated as an abandonment of the latter. It was held that it did not, as the inventions, so far as this point was concerned, were separate and distinct. The question of constructive reduction to practice had become immaterial; for the court had already accorded the appellant an actual reduction to practice in the summer of 1904, some months prior to the filing dates of either of the parties. Therefore this sentence can be regarded only as *obiter dictum.*

The case of *Lotz* v. *Kenney,* supra, we think is decisive of this case. There the appellee had filed an application showing and describing the invention in issue, but not specifically claiming the same, and no claims were inserted thereto until after a patent had been issued to the appellant. On July 15, 1905, the Patent Office held these claims to be for a distinct and separate invention, and required the appellee to restrict his application to the invention originally claimed. In the meantime, however, on June 1, 1905, the latter filed the application there in issue. We are unable to see any material difference between that case and the one at bar. There, as here, the claims in issue were not presented until after a patent had issued to the adverse party. Although these claims were first inserted in the original application, appellee did not await a ruling of the Patent Office as to the necessity of division, but incorporated them in a second application, no less distinct from the parent application than the one at bar; and yet the court held them to constitute a continuous transaction, saying: "It is quite clear that the invention of the issue was disclosed in the prior applications, though no specific claims therefor were made until after the issue of the patent to Lotz. The claims could have been inserted therein by amendment, but for the rule of the Patent Office, which does not permit a patent to issue for two separate inventions. Under

such conditions, nothing remained but to file a new and divisional application, or to abandon this part of the invention."

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                         *Affirmed.*