22 C. C. P. A. (Patents)

### GARAND v. PEDERSEN.

Patent Appeal No. 3406.

Court of Customs and Patent Appeals.
April 15, 1935.

J. F. Mothershead, of Washington, D. C. (H. L. Godfrey and W. N. Roach, both of Washington, D. C., of counsel),·for appellant.

Chester T. Neal, of Springfield, Mass., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an interference proceeding in which appellant has brought before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences, awarding priority of invention to appellee upon all the counts involved in the interference, six in number.

Count 1 is illustrative, and reads as follows: "1. A cartridge clip arranged to hold a stack of cartridges in staggered relation formed in a double row with one row higher than the other, said clip comprising a back and two sides for embracing the stack, said sides extending forwardly from said back to engage said cartridges at points distantly spaced from the bases of said cartridges, and the side of said clip engaging the lower row of said stack having a shoulder near its forward edge and below its top edge for abutting the upmost cartridge of said lower row."

As indicated by the above count, the interference relates to a cartridge clip for semiautomatic rifles, and the particular element of the counts that has given rise to this controversy is that described in count 1 as "the side of said clip engaging the lower row of said stack having a shoulder near its forward edge and below its top edge for abutting the upmost cartridge of said lower row."

■ The application of appellant was filed May 22, 1929, serial No. 365,205. The application of appellee, serial No. 383,030, was filed August 2, 1929. Appellee therefore is the junior party and the burden was upon him to establish priority of invention by him by a preponderance of the evidence.

On February 6, 1931, the parties hereto by their respective counsel entered into the following stipulation:

"It is hereby stipulated by and between counsel for the respective parties that claims 14 to 19,· inclusive, of the accompanying Garand amendment, dated February 2, 1931, are properly readable on the structure disclosed in the Garand application, serial no. 365205, and in the Pedersen applications, serial nos. 383030 and 385608; that these claims define patentable subject matter; and that they should constitute counts of the interference.

"The proposed counts are substantially identical with claims 1, 2, 3, 4, 7, and 8 of the allowed Pedersen application, serial no. 383030."

On May 22, 1931, this interference was declared, embracing all of the proposed counts in said stipulation. Preliminary statements were filed by each of the parties, and both parties took testimony.

It appears from the record that both of the parties hereto were employed by the War Department as designers of semiautomatic guns, and were stationed at the Springfield Armory during the time that each claims to have made the invention here in issue. The application of appellant was filed under the "Government Employee Act," approved April 30, 1928, 35 USCA §

45, and he is represented in this proceeding by the United States Department of Justice.

The appellee was employed by the War Department under a contract; unfortunately this contract is not found in the record, but we infer from the evidence that if the War Department accepted any of his inventions it was entitled to the use of the same upon the payment of royalties thereon. Appellee employed independent counsel, and his application was not filed under said "Government Employee Act."

The Examiner of Interferences found that appellee was entitled to "a date of conception of the invention in issue as of November 22, 1924, and at least prior to any date to which the senior party is entitled." He also found that appellee had established "a successful reduction to practice of the invention by Pedersen as of May 15, 1926." The Examiner also found that appellant had not established any date of conception prior to January 1, 1927, or at any rate not prior to July 1926, which was subsequent to the date awarded to appellee for reduction to practice of the invention. He also found that the evidence did not establish concealment or suppression of the invention by appellee. He therefore awarded priority of invention to appellee.

The Board of Appeals affirmed the decision of the Examiner. We have, therefore, concurring decisions of the Patent Office tribunals upon all the questions of fact involved in the interference.

The principal contention of appellant presented in this appeal is stated in his brief as follows: "1. The primary question presented to this tribunal for review is the question whether the junior party, Pedersen, had abandoned or suppressed and concealed his invention, and thereby forfeited his right to a patent as against the senior party, Garand (Errors 1–6, R. 437–438)."

Appellant also presents certain "secondary questions" which we will first consider.

The first of these secondary questions is that appellant is entitled to a date of conception of the invention prior to the date awarded appellee for reduction to practice of the invention. We have only to say upon this point that we have carefully considered the testimony and find no corroborating testimony that would warrant according to appellant a date of conception prior to July, 1926.

Another contention of appellant is that the clip manufactured under appellee's supervision and tested in May, 1926, does not disclose the invention here in issue, and that appellee never, until he filed his application, disclosed the invention now claimed by him.

There was introduced in evidence on behalf of appellee a blueprint, marked "Exhibit D," the original of which was made, according to the uncontradicted evidence of the draftsman, one Green, on November 22, 1924. The evidence shows that the original of this Exhibit D had been destroyed because it was superseded by Exhibit E, another blueprint bearing date June 4, 1927. Said draftsman testified that the originals of both Exhibit D and Exhibit E were made by him under the direction and supervision of appellee.

The testimony also establishes that a blueprint identical with said Exhibit D was sent by appellee to his patent attorney on June 2, 1926. The Examiner held that both Exhibit D and Exhibit E embodied the requirements of the counts in issue. Exhibits D and E are identical in so far as the invention here involved is concerned. It is not disputed that many clips embodying the structural features shown in Exhibit D were manufactured for testing purposes at the Springfield Armory by employees of the Ordnance Department prior to May 15, 1926. Exhibit O is a clip so manufactured, and Exhibit $O^1$ is a group of cartridges which fit said clip.

Exhibit T is a copy of a report of tests made of appellee's rifle by Captains McIntyre and Wotkyns of the War Department, members of a board conducting the tests. It should be observed that appellee's principal invention appears to be a new semiautomatic rifle, and the invention here involved is only a detail in connection with such rifle. In this report no specific mention is made of the clips here involved, but the twenty-fourth paragraph reads as follows: "24. The board finds that the system of loading enbloc into the magazine as distinguished from the charger or stripping system of loading cartridges into the magazine as exemplified in the service rifle, model of 1903, promote speed of fire overcoming the tendency to block in hasty loading—there is no opportunity to spill the rounds, a common occurrence at the present time."

Attached to the report are a number of photographic plates, one of which shows the clip used in said tests, empty and also filled. The photograph showing the empty clip discloses the same features as Exhibit D, which the Examiner held met the requirements of

the counts. This photographic plate was identified by the Government official photographer who took the original photographs. These were the tests which the Examiner held to constitute a reduction to practice by appellee of the invention here involved.

We are in accord with these findings of the Examiner.

■ Appellant contends that appellee did not disclose to any one, either orally or in writing, other than in the drawing, Exhibit D, the details of the invention here involved, or the principles of its operation. It is well settled that a drawing alone may be sufficient to establish corroboration of an inventor's conception of an invention. Rowe v. Holtz, 55 F.(2d) 465, 19 C. C. P. A. (Patents) 964. In the case of Harper v. Zimmermann (D. C. Del.) 41 F.(2d) 261, 265, the court said: "* * * Evidence of conception must include corroboration such as a disclosure to others, or a record, or embodiment of the invention in some clearly perceptible form. But any adequate and accurate description of the invention either in words, or *drawings,* or by model will suffice. The law requires only that the disclosure, drawings, description, or model relied on to establish conception of the invention must show a conception sufficiently complete to enable one skilled in the art to reduce the conception to practice without exercise of inventive skill. * * * The date of the disclosure, *drawing,* description, or model fixes the date of conception as recognized by the law. * * * [Italics ours.]"

In the case at bar it is established that the drawing, Exhibit D, did enable the workmen employed by the War Department to construct clips embodying the invention here involved, and they were so constructed in large numbers, and were examined and tested by officers of the War Department. Clearly, under the authorities cited, this constitutes sufficient corroboration of appellee's conception of the invention prior to May 15, 1926.

■ Appellant relies upon the testimony of one Major Hatcher, an officer in the Ordnance Department of the United States Army, an expert in the designing and operation of semiautomatic rifles. He testified, in substance, that appellee's clip, Exhibit O, was not operative to carry out the functions of the invention here involved. If this be so, then the structure described in appellee's application and shown in his drawings is not operative, for such structure is substantially identical with said clip so far as the invention here involved is concerned. The record does not disclose any motion by appellant to dissolve the interference upon the ground that the device disclosed by appellee is inoperative, and therefore that question cannot be considered by us. Schweyer v. Thomas, 68 F.(2d) 953, 955, 21 C. C. P. A. (Patents) 859. In the case last cited we said: "* * * by failing to move to dissolve the interference as to said counts 1 to 17, inclusive, appellant admitted for the purposes of this case that appellee's device was operative, and as identically the same device is shown in the original application, it must likewise be held to be operative."

The same observations are applicable to the case at bar. Appellee's application presumably discloses an operative device. Exhibit D and the clips made pursuant to said exhibit are practically identical with the disclosure of appellee's application, so far as concerns the issue before us, and therefore appellant may not successfully maintain that appellee's activities prior to May 15, 1926, did not disclose an operative device.

■ As hereinbefore noted, appellant's counsel has stipulated that the counts in issue read upon appellee's application. In appellant's brief it is stated that appellant's counsel was misled by appellee's drawings in that in one of them the cartridges outlined are in fact of different dimensions, making it appear that the upper cartridge of the lower row is seated back of the recess forming the shoulder of appellee's device. In his brief appellant's counsel states: "* * * In any event, the stipulation does not prevent Garand from showing that the cartridges O[1] in Exhibit O are all of the same dimension whereas the cartridges shown in Pedersen's application drawing are of different diameters; nor from arguing the absence of the holding shoulder in a physical exhibit where the cartridges are all of the same dimension. *Nor does the stipulation prevent Garand from arguing that, to the skilled Ordnance Officer, there is no observable holding shoulder for the upper cartridge of the lower row in Exhibit O; nor any observable holding effect when the upper cartridge of the lower row is angularly moved or tilted.* * * *"

With reference to the foregoing we would observe that appellant has made no effort to be relieved from the stipulation through mistake of fact; that the cartridges, Exhibit O[1], form no part of the invention, and, upon the authority last above cited, ap-

pellant may not here successfully contend that Exhibit O does not meet the requirements of the counts in issue, or that the clip, Exhibit O, is inoperative.

In the case of Dreyfus v. Lilienfeld, 49 F.(2d) 1062, 1064, 18 C. C. P. A. (Patents) 1539, there was involved the question of whether an earlier Austrian application of the appellee in that case supported the counts of the interference there involved. In our opinion we said: "Assuming, for the purpose of discussion only, that there may be doubt as to whether said Austrian application supports said counts, it should be resolved against appellant because he has accepted a construction of the counts under which said counts are supported by appellee's United States application, and, as already stated, the disclosures in said application and appellee's Austrian application are substantially identical."

The same observations are applicable here. If there be any doubt as to whether appellee's Exhibit D and the clip, Exhibit O, read upon the counts here in issue, such doubt must be resolved against appellant because he has stipulated that appellee's disclosure in his instant application reads upon the counts here in issue, and appellee's Figure 2 of said application accurately represents appellee's Exhibit D and the clip, Exhibit O, in so far as the invention here involved is concerned.

We next come to appellant's principal contention, that appellee concealed and suppressed his invention and hence should be estopped from maintaining that he is the prior inventor as against appellee.

The burden was upon appellant to establish such concealment and suppression. In maintaining this burden appellant relies almost wholly upon evidence introduced by appellee that the only persons who saw and tested his clip were representatives of the Ordnance Department and that the tests of his rifle, including the clip here in question, were, at least up until September, 1927, "confidential War Department tests." Furthermore, in a letter appearing in the record, written by appellee, it was stated: "The use of the clips by the United States until July 1929, was confidential, in that only officers and enlisted men having to do with the testing and trials, were permitted to see and examine rifle and clips, etc."

There is nothing in the record to indicate that appellee suggested or requested of any one that knowledge of his clip be kept confidential. Neither the officers nor the enlisted men of the army were under his control or direction. Presumably the confidential use referred to was imposed by the War Department, and presumably applied to appellant's rifle and clips as well as to the rifle and clips of appellee.

Appellee was under contract with the government. He was not a coemployee with the officers and enlisted men of the United States Army, and it would be absurd to hold that, because the government required the tests of appellee's clip to be held confidential by its officers and enlisted men, appellee should be charged with having concealed and suppressed his invention.

Appellant further contends that appellee's failure to explain the involved invention to others evidenced his intention to conceal and suppress it. In response to this contention we would observe that the blueprint, Exhibit D, and the clip, Exhibit O, speak for themselves. They embody the invention here in issue. The elements in the clip which constitute the gist of the invention were plain to every observer of it. Appellant has not suggested any possible purpose of such elements other than to accomplish the object of the invention here involved. Every officer and enlisted man of the army who used the clip must have observed these elements; the army experts testing the rifle and clips must have observed them; and we must assume that they understood their purpose. If they had not, presumably they would have made inquiry as to their purpose and function. There is no testimony that any of the experts testing appellee's rifles and clips did not understand the purpose of such elements.

It appears that, subsequent to the completion of the invention by appellee, he filed two applications for patent, one upon a certain rifle mechanism and the other upon a cartridge clip. Patents were subsequently issued upon both of these applications, and in neither is the invention here involved disclosed or claimed. It also appears that appellee was spurred into activity in filing his instant application by observing the clip of appellant which embodied the involved invention. While these facts would ordinarily be significant as tending, to some extent at least, to establish concealment and suppression of invention, we cannot in the case at bar hold that these circumstances overcome the positive and uncontradicted testimony that officers and enlisted men of the United States Army were put in full possession of the invention with the con-

sent of appellee, and the record indicates that if there was any concealment of the invention it was not personal to appellee, but was at the instance of the United States War Department.

The doctrine that concealment and suppression by an inventor of his invention may create an estoppel against him in favor of his rival is founded in large part upon the case of Mason v. Hepburn, 13 App. D. C. 86. We have approved this general doctrine in many cases, and in the case of Miller v. Hayman, 46 F.(2d) 188, 18 C. C. P. A. (Patents) 848, we discussed it at some length. In the case of Altorfer et al. v. Haag, 74 F.(2d) 129, 134, 22 C. C. P. A. (Patents) —, we said: "We have frequently discussed the doctrine of Mason v. Hepburn, * * * and have definitely indicated that we will not extend it. * * *"

To apply this doctrine to the case at bar would, it seems to us, unquestionably extend it.

We find that concealment and suppression of the involved invention by appellee is not established by the evidence.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.