33 C.C.P.A.(Patents)

## FARRINGTON et al. v. MIKESKA.

## MIKESKA v. FARRINGTON et al.

Patent Appeals Nos. 5112, 5113.

Court of Customs and Patent Appeals.
May 7, 1946.

James P. Burns, of Washington, D. C., for Farrington et al.

Wilbur F. Smith, of Elizabeth, N. J. (W. E. Currie and P. L. Young, both of New York City, and W. F. Weigester, of Washington, D. C., of counsel), for Mikeska.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

These are cross-appeals in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the subject matter defined by count 1 to appellees Farrington et al. in appeal No. 5113, and that of count 2 to appellee Mikeska in appeal No. 5112.

The interference is between application No. 374,078 of Farrington et al. filed January 11, 1941, which is a division of a parent application No. 241,648, filed November 21, 1938, and Mikeska's patent No. 2,219,050, issued October 22, 1940, on an application filed December 31, 1938. Farrington et al. are the senior parties by virtue of the filing of their earlier application. Accordingly, the burden was upon Mikeska to establish priority of invention by a preponderance of the evidence.

The counts in issue relate to mixed ester salts of phosphoric acid in which the alkylaryl groups "constitute the ester portion of the molecule." They read:

"1. A base metal salt of a phosphoric acid ester containing at least one alkylaryl group and a total of 5 to 16 saturated carbon atoms in the alkyl radicals of said alkylaryl groups.

"2. A compound of the general formula

$$(R-Ar-O)_x PO(OM)_y$$

in which R represents at least one alkyl substituent containing an average total of 5 to 16 carbon atoms, Ar represents an aromatic nucleus, M represents a basic metal atom and x and y are whole numbers from 1 to 2, the sum of which is 3."

As stated in the decision of the Board of Interference Examiners, the involved counts are substantially the same as claims 1 and 12 in the Mikeska patent "and differ therefrom only in the upper limit of the number of carbon atoms present in the alkyl substituent; Farrington not having adequate basis for the particular upper limitation of the patent claims" which call for 5 to 20 carbon atoms.

The Board of Interference Examiners accorded Mikeska a date of conception and reduction to practice as of July 1938, on the basis of an experiment performed on his behalf by one George E. Serniuk, a chemist employed by the Standard Oil Development Company, assignee of Mikeska, in which, Serniuk testified, "an attempt was made to prepare a di-tertiary amyl phenyl phosphate as a mono-sodium salt by esterifying tertiary amyl phenol with phosphorus penta chloride." That the desired product was obtained by Serniuk, was indicated by an analysis which showed the phosphorus content to be very close to what is termed the "theoretical value," that is, the amount which would theoretically be present if the product had the desired composition, and also by the "solubility characteristics of the product." Farrington et al. contend that that analysis is insufficient because the amount of each element was not determined. The Board of Interference Examiners held, however, that the tests employed were sufficient to establish the identity of the product as falling within the scope of both counts. That holding, under all the circumstances and in view of the method

by which the product was prepared, is, in our opinion, correct.

Farrington et al. also allege that the product was not sufficiently tested to establish a reduction to practice.

The tests made of the product obtained showed satisfactory results as a wetting agent in soft water, which is sufficient in view of the fact that the counts are not limited to any particular use of the product and clearly do not require that it be an effective wetting agent in hard water or in acid solutions. Mikeska, therefore, is entitled to July 1938, when the witness Serniuk completed his experiment, for reduction to practice of the subject matter defined by the involved counts.

The only experiments relied upon here by Mikeska as establishing dates prior to July 1938 are those performed by the witness Frank E. Toonder in 1937, who at that time was an employee of the Standard Oil Development Company.

The results of the Toonder experiments differed from those of the Serniuk experiment in that the phosphorus content of the products varied to a considerable extent from the "theoretical value" of compounds coming within the counts. Although Mikeska argues that this discrepancy was due to impurities, that argument is merely speculative. The evidence submitted does not satisfactorily establish that any product obtained by the witness Toonder was of the kind called for by either of the counts, and it follows that his work is not sufficient to establish either conception or reduction to practice of the subject matter defined by either of the counts in issue.

Mikeska also relies for conception and constructive reduction to practice on an earlier application which matured into patent No. 2,213,588.

That patent, however, merely suggests that compounds of the kind here involved may be prepared by certain steps, which are indicated only generally. No specific examples are given, and there is no statement as to the particular conditions under which the reactions are to be carried out. The fact that the witness Serniuk, working under Mikeska, made a number of unsuccessful attempts to prepare the compounds called for by the counts in issue after the application for the Mikeska patent No. 2,213,588 had been filed, clearly indicates that that patent does not disclose the invention defined by the involved counts. It is asserted by Mikeska that the lack of success was due to impure materials. It is not established, however, that pure materials would have produced the desired product. In his successful experiment, the witness Serniuk employed materials different from those employed by him in the other experiments. Under the circumstances, the disclosure in the Mikeska patent No. 2,213,588 was properly held to be insufficient to support the counts in the interference.

A disclosure, in order to amount to a constructive reduction to practice, must be sufficient to enable those skilled in the art to practice the invention without the necessity of extensive experimentation. Thompson v. Dicke, 110 F.2d 98, 27 C.C.P.A. (Patents) 931.

We are of opinion that the Board of Interference Examiners properly held that Mikeska was entitled to a date not earlier than July 1938 for conception and reduction to practice of the invention defined by the counts in issue.

■ Owing to the fact that the board held that the parties Farrington et al. are entitled to conception and reduction to practice of the invention defined by count 1 as early as April 1938, and since Mikeska has alleged no error in that holding, and as that holding of the board is supported by the evidence of record, the award of priority of invention of the subject matter defined by count 1 to Farrington et al. is affirmed.

Farrington et al. rely on three alleged preparations of sodium or potassium compounds, which, it is alleged, come within the terms of the counts in issue and which were prepared prior to July 1938. In each of those experiments, the compound was merely an intermediate product which was used in making a calcium or aluminum salt which is not called for by count 2. (It may be said at this point that count 2 is limited to a compound of monovalent metal, whereas count 1 is not so limited.) None of those intermediate products was actually an-

alyzed. It is urged by Farrington et al. that, in view of the final product which was obtained, the intermediate compounds must have corresponded to the composition called for by the counts in issue. However, in the absence of any analysis whatsoever of such intermediate compounds, we are unable to hold that their production warrants a holding of conception or reduction to practice of the compounds defined by the counts in issue. Moreover, in two of the three experiments, that is, those carried out by the witnesses Daniel H. Condit and Charles C. Robin, the compounds relied upon were not isolated, but were present in solution only.

The counts in issue do not call for compounds in solution, but for compounds per se.

In the third experiment relied upon by Farrington et al., that allegedly performed by one Julian Hirsch (who was not called as a witness), the intermediate compound, hereinafter referred to, is said to have been separated from solution, although there is no evidence that it was analyzed. Moreover, it was apparently immediately redissolved and used in preparing another composition not here involved. Although Farrington, Clayton, and their witness Roland T. Macdonald all testified as to the Hirsch experiment, their testimony was merely based on the contents of a note book allegedly kept by Hirsch. It does not appear that any of those witnesses had any independent recollection of the details of that experiment. The entire case of Farrington et al., therefore, as to the Hirsch experiment, rests on the accuracy of an unverified note book which was not identified by the person who allegedly made the entries therein. Under the circumstances hereinbefore related, it is evident that Farrington et al. have not introduced evidence which would justify a holding of conception or actual reduction to practice of the invention defined by count 2 prior to the filing of their involved application.

Farrington et al. allege that some of the experiments, hereinbefore referred to, parallel examples disclosed in their application, and contend that, since Mikeska did not attack the disclosure of their application as inoperative, he should be held to have admitted that the processes of the ex-

amples given therein will always produce the products which the application discloses as being produced by them. It is to be noted, however, that the application, even in the examples, does not give every detail of the necessary procedure to be followed, certain details being left to the judgment of the skilled worker. The failure of Mikeska to assert that the disclosure of the Farrington et al. application is inoperative cannot be taken as an admission of more than that the application contains a disclosure of some operative method of producing the compounds here in issue. It is not an admission that each example disclosed is operative, nor is it an admission that every experiment falling within the terms of some particular example was necessarily successful. Accordingly, Mikeska's failure to contend that the disclosure of the Farrington et al. application is inoperative cannot supply the lack of affirmative proof as to the results of experiments performed several months before that application was filed.

The decisions in the cases of Schweyer v. Thomas, 68 F.2d 953, 21 C.C.P.A. (Patents) 859; Garand v. Pedersen, 76 F.2d 407, 22 C.C.P.A. (Patents) 1161; and Hogue v. Cowling et al., 101 F.2d 541, 26 C.C.P.A. (Patents) 874, relied upon by Farrington et al., are not in point here. In those cases, parties who had failed to attack an opponent's application during the motion period on the ground that its disclosure was inoperative or that it would not support the counts were not permitted to urge those grounds later against the identical structures disclosed in such application when embodied in actual devices or disclosed in other applications. Those decisions, however, do not hold that the failure of a party to attack the operativeness of the disclosure of an opponent's application relieves the opponent of the duty of establishing that experiments carried out prior to the filing of his application, and set forth as examples therein and upon which he relies for actual reduction to practice, were successful.

In the reasons of appeal assigned by Farrington et al. it is alleged that the *calcium compound* prepared by the witness Robin and held by the board to be a reduc-

tion to practice of the subject matter of count 1 also satisfies the requirements of count 2.

That contention of counsel does not appear to be urged in his brief and might well be ignored by the court. It is our view, however, that the Board of Interference Examiners correctly held that count 2 calls for a monovalent metal and, therefore, is not satisfied by a compound of a bivalent metal, such as calcium.

It is also alleged that Exhibit 16 of Farrington et al. (which is referred to in the record as a "sheaf of correspondence bearing on the preparation of the Farrington, et al., application") establishes conception as to count 2, and that this conception was coupled, by diligence, with an actual reduction to practice.

It has not been explained by Farrington et al. wherein their Exhibit 16 contains a disclosure of the subject matter of count 2, and we are unable to find that it does contain such a disclosure.

The remaining contentions of counsel for both parties have been considered without finding any error which would justify a modification of the decision of the Board of Interference Examiners as to either of the counts in issue.

For the reasons stated, we are of opinion that the board was clearly right in awarding priority of invention of the subject matter defined by count 1 to Farrington et al. and that by count 2 to Mikeska.

The decision is affirmed.

Affirmed.