51 CCPA

Jany RENZ, Jean Pierre Bourquin, Guido Gamboni and Gustav Schwarb, Appellants,

v.

Robert Michel JACOB and Gilbert Louis Regnier, Appellees.

Patent Appeal No. 7074.

United States Court of Customs and Patent Appeals.

Jan. 23, 1964.

James W. Dent, Washington, D. C., and Albert L. Jacobs, New York City, for appellants.

Ellsworth H. Mosher, Washington, D. C. (Stevens, Davis, Miller & Mosher, Washington, D. C., of counsel), for appellees.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This appeal is from the decision of the Board of Patent Interferences which awarded priority of invention to senior

party Jacob et al. in Interference No. 89,320. That interference involves an application serial No. 622,740 filed November 19, 1956 by the senior party Jacob et al. and applications serial No. 653,058 and serial No. 653,077, both filed April 16, 1957 by junior party Renz et al.

The interference involves two counts which read:

1. A compound of the formula:

2. A compound having the formula:

The compound of count 2, 3–methylthiophenothiazine, is used in the preparation of the compound of count 1, 3–methylthio–10–(3–dimethyl–aminopropyl) phenothiazine.

Both parties to the interference rely solely for their respective dates of invention on earlier corresponding foreign applications. Pertinent dates are tabulated as follows:

| Senior party Appellees (Jacob et al.) | Junior party Appellants (Renz et al.) |
| --- | --- |
| French application No. 703,310 November 25, 1955 | |
| | Swiss Application No. 32,283 April 18, 1956 |
| | Swiss Application No. 32,347 April 19, 1956 |
| U. S. Application serial No. 622,740 November 19, 1956 | |
| | (Count 1) U. S. Application serial No. 653,058 April 16, 1957 |
| | (Count 2) U. S. Application serial No. 653,077 April 16, 1957 |

The motion period in the interference was initially set to expire on December 1, 1958. By a series of stipulations that date was extended to May 4, 1959. Appellants on May 4, 1959 filed their only timely motion. That motion was based solely on the ground that appellees had no right to make count 2 because the "subject matter of said count is directed to an invention which is different from that

of the other and constructively elected (final product) claims of the Jacob et al application."

The primary examiner denied appellants' motion to dissolve stating, "The compound of count 2 is fully supported in the Jacob et al application. The fact that there is a non-elected invention involved in the interference does not make the interference improper," and that "it is within the discretion of the Patent Office to declare the interference when the party disclosing but not claiming the invention is senior and the junior application is ready for issue." On reconsideration the primary examiner adhered to his decision denying appellants' motion.

On June 7, 1961, appellants filed their brief on final hearing before the Board of Patent Interferences urging that appellees are not entitled to a date prior to appellant's dates of April 18 and 19, 1956 since appellees' French application No. 703,310 is fatally defective. The said French application was said to be fatally defective because:

"(i) the disclosure as to the method of preparation of the compound of count 2 is wholly insufficient as to precise details;

"(ii) such disclosure involves a starting compound which was unknown at the date of the French application; and

"(iii) such deficiency renders the disclosure as to the final compounds (count 1) likewise wholly insufficient."

Further, it was urged that since no claim to the compound of count 2 had been asserted by appellees within one year "from the date of their filing in France, priority rights for such count are not available to them." Appellants urge that "it is *impossible* for a claim corresponding to count 2 to be allowed in the Jacob et al. application" since appellees did not regard the intermediate as their own invention, at least as of their U. S. filing date of November 19, 1956. This appellants urge, is illustrated by the facts that appellees "did not claim the said intermediate at all—although two complete sets of claims were asserted—until invited so to do by the Examiner," and that appellees "did not deem it necessary to comply with the applicable U. S. patent practice which requires an applicant to disclose the best mode contemplated by them of carrying out this aspect of the matter."

On June 16, 1961 appellees filed a motion to strike appellant's brief filed June 7, 1961 on the ground that it was directed to issues not raised by motion before the primary examiner. The board summarized the new issues as follows:

"(a) The French application Serial No. 703,310 of November 25, 1955 upon which the party Jacob et al. relies for priority is fatally defective as a constructive reduction to practice of Count 2;

"(b) The aforementioned French application is fatally defective with respect to Count 2 because the starting material recited in the last paragraph of Example I was not known at the date of the filing of said application;

"(c) The French application referred to above is fatally defective with respect to Count 2 because there is no detailed disclosure of "cyclisation with sulphur";

"(d) The disclosure of the French application is fatally defective with respect to Count 2 because there is no detailed disclosure of "decarboxylation";

"(e) The U. S. application of Jacob et al. should not be entitled to the benefit of the filing date of the aforementioned French application because the claim was asserted in the U. S. application of Jacob et al. more than a year after the filing date of

the aforementioned French application; and

"(f) The party Jacob et al. is not entitled to claim the subject matter of Count 2 because the U. S. application did not disclose the best method of carrying out the invention."

On June 23, 1961 appellants filed an opposition thereto and consideration of these papers was deferred to the final hearing.

Final hearing for the interference before the board was on July 17, 1961.

On July 18, 1961, appellants filed a memorandum re proceedings at final hearing, accompanied by two affidavits. In response thereto appellees on July 24, 1961 filed a request that consideration of appellees' motion to strike filed July 16, 1961 be extended to appellants' reply brief and the papers filed by appellants on July 18, 1961. This request was granted by the patent interference examiner in an order of July 28, 1961.

The board, in its decision of January 30, 1962, first referring to appellants' motion to dissolve on the ground that appellees have no right to make count (2) because it was drawn to a non-elected invention, stated:

"* * * the interference involves *two counts;* by memorandum submitted by Renz et al. [appellants] on February 23, 1960 * * *, it was ultimately indicated that the Renz et al. motion to dissolve was actually directed to the subject matter of count 2 and this is the manner in which the examiner treated same in his decision on motions denying the Renz et al. motion to dissolve. It is significant that *prior to the filing of the brief for Renz et al. on final hearing, Renz et al. have never contended that the involved Jacob application*

lacks support therein for count 2. The issue raised by the Renz et al. motion to dissolve, supra, which was treated and denied by the examiner * * * involves a mere matter of procedure alone which does not prejudice the rights of Renz et al. The informality complained of is not such as will preclude a proper determination of the question of priority, as is required by Rule 232(a) (I). Hoefer et al. v. Barnes, 1904 C.D. 19, 108 O.G. 560; Atherton v. Cheney, 1904 CD 294; Ex parte Priebe, 1915 CD 39, 221 O.G. 351, cited by Jacob et al. Therefore, since the issue is an ex parte matter and concerns only the Office, it cannot be considered by us in this proceeding."

With regard to issues (a) through (e), supra, the board denied appellees' motion to strike on the ground that the disclosure of the French application [1] must be considered to determine whether or not the French application may properly constitute a constructive reduction to practice.

With regard to point (f), the board stated:

"* * * we will grant the motion to strike to the extent that we will not consider the question of Jacob et al's. right to make count 2 in the involved application of Jacob et al. for the reason that this question was not raised before the Primary Examiner by motion filed under Rule 232. See Rule 258(a) of the Rules of Practice, Land v. Dreyer 33 CCPA 1108, 590 O.G. 6, 155 F.2d 383, 69 USPQ 602 and Anderson v. Walch, 33 CCPA 774, 584 O.G. 167, 152 F.2d 975, 68 USPQ 215.[2]

In determining whether appellees can rely on their French application filed November 25, 1955 for a constructive reduc-

1. Appellees also claimed the priority of French application No. 57,583 filed August 16, 1956 for a Patent of Addition. This application, however, is not relied upon by appellees for their constructive reduction to practice.

2. The board, in addition, granted appellees' motion to strike, as to appellants' memorandum filed on July 18, 1961 to the same extent as that taken with points (a) to (f).

tion to practice, the board held that appellants cannot prevail as to the matter raised in issue (e). It stated:

"* * * as stated in Von Recklinghausen v. Dempster 34 App.D.C. 474; 1910 C.D. 365; 154 O.G. 252:

"'* * * It is settled law that claims may be introduced into an application by amendment, and if their subject matter is sufficiently disclosed by the application as filed, *even though not theretofore claimed,* they may relate back and receive all the benefits and advantages incident to the earlier filing date * * * (our emphasis added).'

"In other words, the filing of an application effects a reduction to practice of everything disclosed therein regardless of what is claimed. Benedict v. Menninger, 20 CCPA 1138, 1933 C.D. 481, 64 F.Rep. (2d) 1001, 17 USPQ 499."

The board also held that appellants cannot prevail as to the matter brought up in issues (b), (c) (d), stating:

"Assuming arguendo that there may be doubt as to whether the French application of Jacob et al. [appellees] supports the counts in issue, it must be resolved against Renz et al., [appellants] since Renz et al. have accepted a construction of the counts under which said counts are supported by the involved Jacob et al. U. S. application, and as conceded by Renz et al, the disclosures in said application and the French application are identical. Dreyfus v. Lilienfeld, 18 CCPA 1539, 413 O.G. 862, 49 Fed. Rep. (2d) 1062, 9 USPQ 522. See also Farrington et al. v. Mikeska, 33 CCPA 1073, 155 F.2d 412, 590 O.G. 3, 69 USPQ 509 and the decisions cited at 69 USPQ 512. * * *

"* * * Renz et al. contend, that the compound 2–carboxy–3'methyl-thio-diphenylamine, (employed in Example 1 of the French application

of Jacob et al. to prepare 3–methyl-thio-diphenylamine, which in turn is employed to make 3–methyl thiophen-thiazine, the compound of count 2: which is the key intermediate for the preparation of the compounds of count 1), was unknown as of the filing date of the French application of Jacob et al.; namely, November 20, 1955. This same compound, namely, 2–carboxy–3'methylthio–diphen-ylamine, disclosed in the involved Jacob et al. U. S. application, at page 7, lines 13 to 16 thereof, is employed in the same manner taught in the French application to prepare the compound of count 2. It is significant that during the motion period, Renz et al. did not base their motion to dissolve on the ground that the *involved* Jacob et al. application lacked support for the counts for the same reason, supra; namely, that the starting compound, the 2–carboxy compound, supra, was unknown at the time the U. S. application of Jacob et al. was filed (Our emphasis).

"As a matter of fact, the record contains no satisfactory explanation of why Renz et al. did not bring a timely motion to dissolve on the presently specified grounds. In order to avoid the application of the rule of the Dreyfus case (as well as the Farrington et al. case), supra, Renz et al. would have had to take some positive action. They might have shown, for instance, that the compound of count 2 was known before the filing date of the involved Jacob et al. application, but not before the 1955 French application. Even in this they would have failed because the affidavits by Keller and Ruesch, * * * which we refused to consider for the purpose submitted by Renz et al. appear to indicate that prior to the filing date of the involved U. S. application of Jacob (as well as the filing date of the French application),

said 2–carboxy compound was not known. For the foregoing reasons, both the involved Jacob et al. and French Jacob et al. * * * [application] stand on the same footing. Therefore, having accepted the disclosure in the involved Jacob application, Renz et al. cannot now question the verbatim disclosure in the French application. Dreyfus v. Lilienfeld; Farrington et al. v. Mikeska and the cases there cited, supra."

The board accordingly concluded that appellees are entitled to the benefit of their French application filed November 25, 1955, and held that appellees have constructively reduced the subject matter of counts 1 and 2 to practice on that date. Since appellees on that record were the first to conceive the invention of the counts and the first to reduce it to practice, priority of invention was awarded to appellees.

Appellants also urge that the Patent Office was in error in suggesting count 2 to appellees inasmuch as appellees had not ever theretofore claimed such as their invention.

Appellants maintain that it was error to give appellees the benefit of the 1955 French application reiterating issues (a) through (f), supra. Appellants urge that there is "an apparent statutory bar" or "at least a loss of priority rights due to Jacob et al. Luxembourg Patent 34,733 granted and open for public inspection on January 5, 1957, more than one year before appellees introduced Count 2 into their United States application on January 31, 1958 and the latter date being more than two years after the filing date of appellees' French application 703,310 on November 25, 1955."

Appellees, on the other hand, argue that the board having arrived at the conclusion that "the disclosures in said [Jacob et al. U. S.] application and the French application are identical," the board should then have taken note of the fact that no motion to dissolve was filed by which appellants challenged the sufficiency of disclosure in the Jacob et al. U. S. application (as distinguished from the inclusion of a count directed to an allegedly non-elected species) and thereupon refused to permit appellants, at that stage and in that belated manner, to challenge the right of appellees to make the counts so far as alleged insufficiency of disclosure is concerned.

Appellees, citing Schweyer v. Thomas, 68 F.2d 953, 21 CCPA 859; Robie v. Carlton, 171 F.2d 310, 36 CCPA 739; Braren v. Horner, 47 F.2d 358, 18 CCPA 971; and Dreyfus v. Lilienfeld, 49 F.2d 1062, 18 CCPA 1539; Garand v. Pedersen, 76 F.2d 407, 22 CCPA 1161, argue that where the disclosures of two applications of a party to an interference are essentially the same, the failure of an opponent to file a timely motion to dissolve for an alleged failure to provide support for the count in the later application directly involved in the interference precludes the opponent from raising the question of lack of support in the earlier application.

Moreover, it is urged that an opponent cannot attack a party's right to make the counts when no motion to dissolve on that ground was filed at any time, citing Ireland v. Smith, 97 F.2d 95, 25 CCPA 1258. See also Herthel et al. v. Dubbs, 65 F.2d 138, 20 CCPA 1128; and Koch v. Lieber, Deceased, 141 F.2d 518, 31 CCPA 979.

As for the merits, appellees argue that the count 2 compound 3–methylthiophenothiazine together with its melting point (136° C.) is "specifically disclosed, together with a way of preparing it" by appellees in an example of their U. S. application and the corresponding example of their French application.

With regard to generic compound represented by count 1, which is identical to the compound of count 2 except for the replacement of the hydrogen in the 10-position of the latter compound by the

$$-CH_2-CH_2-CH_2-N\diagup^{lower\ alkyl}_{\diagdown lower\ alkyl}$$ , appellees

state that the subgenus represented by count 1 is fully supported by example 1 of the Jacob et al. U. S. and French applications showing the production of 3–methylthio–10–(3–dimethylaminopropyl) phenothiazine having a boiling point of about 206–218°C. under 0.2mm. mercury. Appellees also refer to examples VI and VII of their U. S. application as well as the generic disclosure in their French application.

Appellees, citing Malm et al. v. Schneider, 101 F.2d 201, 26 CCPA 783; George T. Southgate v. Albert E. Greene, 57 F.2d 374, 19 CCPA 1129; Knight v. King, 82 F.2d 817, 23 CCPA 1074; and Bac v. Loomis, 252 F.2d 571, 45 CCPA 807; urge that appellants' arguments relating to issue (e), supra, have already been fully answered adversely to appellants' position.

■ The first issue that we are faced with is whether the board was in error in not considering appellants' motion to dissolve on the ground that appellees have no right to make count 2 because it is drawn to a non-elected invention. The board in refusing to consider this issue stated that it is "an ex parte matter and concerns only the Office" and thus "cannot be considered by us in this proceeding." Since the issue is not one affecting the question of priority,[3] we find no reversible error in the board's holding with respect to that issue.

With regard to the matter involved in issues (b) to (d), supra, i. e., whether appellees' French application supports count 2, the record shows that the paragraph in the French application which requires consideration, reads:

"3–methylthiophenthiazine [4] is obtained by cyclisation with sulphur of 3–methylthiodiphenylamine, distilling at about 160–186°C. under 12 [0.12] mm. Hg., m.p. 58° C., itself prepared by the decarboxylation of 2–carboxy–3′–methylthiodiphenylamine, m.p. 140–141°C.[5]"

The compound 3–methylthiophenothiazine, the subject-matter of count 2, is indicated in the French application as melting at 136°C. Appellants, in their application serial No. 653,077, have characterized 3–methylthiophenothiazine as melting at 138–140°C. This close similarity of melting points indicates that appellees had possession of 3–methylthiophenothiazine at the time of the filing date of the French application on November 25, 1955. Moreover, the starting materials, 3–methylthiodiphenylamine and 2–carboxy–3′–methylthiodiphenylamine, are identified by a boiling point and melting point respectively. Furthermore, it is also noted that the melting point 140–141° C. for 2–carboxy–3′–methylthiodiphenylamine [N–(m–methylmercapto–phenyl)–anthranilic acid] recited in appellees' French application is substantially identical to the melting point, i. e. 139–141° C., for the

3. Rule 258 of the Rules of Practice of the Patent Office reads in part:
"258. Matters considered in determining priority. (a) In determining priority of invention, the Board of Patent Interferences will consider only priority of invention on the evidence submitted. Questions of patentability of a claim generally will not be considered in the decision on priority; and neither will the patentability of a claim to an opponent be considered, unless the non-patentability of the claim to the opponent will necessarily result in the conclusion that the party raising the question is in fact the prior inventor on the evidence before the Office, or relates to matters which have been determined to be ancillary to priority and must be considered, but a party shall not be entitled to raise such nonpatentability unless he has duly presented and prosecuted a motion under rule 232 for dissolution upon such ground or shows good reason why such a motion was not presented and prosecuted.

4. The record shows that an alternative spelling for this compound is 3-methylthiophenothiazine.

5. This paragraph is taken from a translation of a certified copy of the French application.

same compound in appellants' U. S. application serial No. 653,077.

We are satisfied that count 2 is supported by appellees' French application. Even if we had doubt on the matter, that doubt would have to be resolved against appellants since appellants did not bring a motion to dissolve against appellees' involved application on the grounds in question, and the record shows that appellees' French application has the same disclosure, as to the point in question, as the involved application. Dreyfus v: Lilienfeld, supra

Appellants' issue (e), the contention that appellees are not entitled to the benefit of the French application as to count 2 because the claim corresponding thereto was not added to the domestic application until more than a year after the former application was filed, is clearly without merit. There is nothing in 35 U.S.C. § 119 which limits the benefit appellees receive from their French application to subject matter claimed within a year of the latter's filing and as the board pointed out, it is settled law that claims may be introduced into an application by amendment if their subject matter is sufficiently disclosed by the application, even though not theretofore claimed. For the same reasons appellants' urgings as to appellees' Luxembourg patent fail.

The contention that appellees' involved application did not disclose the best method of carrying out the invention, appellees' issue (f), was not raised before the primary examiner by a motion to dissolve. Hence, the board was correct in refusing it consideration on the merits. See Rule 258(a).[6]

For the foregoing reasons, appellees are entitled to the benefit of the filing date of their French application and the decision of the board is affirmed.

Affirmed.

6. See footnote 3.