UNITED STATES *ex. rel.* LOWRY AND PLANTERS COM-
PRESS COMPANY *v.* ALLEN, COMMISSIONER OF
PATENTS.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 56.   Argued October 24, 25, 1906.—Decided December 10, 1906.

Rule 124 of the Patent Office which provides that no appeal can be taken
from a decision of a primary examiner affirming the patentability of the
claim or the applicant's right to make the same, is not void as contrary
to the provisions of §§ 482, 483, 4904, 4910, 4911, Rev. Stats., or § 9 of
the act of February 9, 1893, 27 Stat. 436.   Those statutes provide only
for appeals upon the question of priority of invention, and appeals on
other questions are left under the power given by § 483, Rev. Stat., to
the regulation of the Patent Office.
26 App. D. C. 8, affirmed.

THE facts are stated in the opinion.

*Mr. Oliver Mitchell,* with whom *Mr. Edmund Wetmore* was
on the brief, for plaintiff in error:

An interference is a proceeding of a judicial character in-
stituted by the Commissioner of Patents between rival ap-
plicants to determine priority of invention and patentability
and is as much a fundamental question as priority, and under
§§ 482 and 4909, Rev. Stat., all matters going to the ap-
plicant's right to a patent are appealable and must be ad-
judicated. *Palmer* v. *Lozier,* 90 Fed. Rep. 732; *Podlesak* v.
*McInnerney,* 120 O. G. 2127.

In interpreting any statute in the absence of ambiguity,
the ordinary meaning of its words and language control.
*Maillard* v. *Lawrence,* 16 How. 251; *United States* v. *Wilt-
berger,* 5 Wheat. 76; *Ruggles* v. *Illinois,* 108 U. S. 526; *Pitman*
v. *Flint,* 27 Massachusetts, 504; *Putnam* v. *Longley,* 28 Massa-
chusetts, 487.

While the intent of Congress must be sought in the statute
to be construed, prior legislation on the same subject can be

considered and that indicates that Congress intended appeals to lie as to patentability. See acts of 1870, 1 Stat. 109; of 1793, 1 Stat. 318; of 1836, 5 Stat. 117; of 1839, 5 Stat. 353; of 1849, 9 Stat. 395; of 1852, 10 Stat. 75; of 1861, 12 Stat. 246; those sections of act of 1870 incorporated in Rev. Stat. §§ 440, 476, 482, 483, 4904, 4909, 4910; § 9 of the Patent Act of 1893.

Rule 124 is inconsistent with law because it requires an appeal from the primary examiner to the Commissioner direct, but §§ 482, 4909, Rev. Stat., provide that such appeal shall be to the examiners in chief, the rule thus cutting down the jurisdiction of the latter; because it deprives parties to an interference of the right of review by the examiners in chief; because it forbids to one of the parties any appeal or review from certain decisions of the primary examiner as to the mechanical questions involved. This is not cured by any provisions in Rule 126.

*Mr. Assistant Attorney General McReynolds*, with whom *Mr. John M. Coit* was on the brief, for defendant in error:

It was not the clear, ministerial duty of the Commissioner to permit plaintiff's appeal and petitioners have not shown they have a clear right to an appeal. *Ex parte Cutting*, 94 U. S. 14; High's Extraordinary Leg. Rem. 248.

The statutes relied on do not provide for interlocutory appeals, and no reasons exist for presuming an intent to make interlocutory rulings in interferences appealable prior to final judgments. *United States* v. *Duell*, 172 U. S. 576; *Westinghouse* v. *Duncan*, 66 O. G. 1009; 2 App. D. C. 131; *Cross* v. *Phillips*, 87 O. G. 1399; 14 App. D. C. 228; *Hulett* v. *Long*, 89 O. G. 1141; 15 App. D. C. 284.

The circumstances surrounding passage of appeal statute show interlocutory motions are not appealable. See § 2 of the act of 1861; Rule 58 of 1869 edition; Rule 59 of July 5, 1870, August 1, 1871, September 1, 1873, April 1, 1875, November 1, 1876; Rules 116, 117, 118, 141 of December 1, 1879. The Patent Office has never permitted appeals to examiners

in chief from the refusal of an interlocutory motion to dissolve an interference.

The rules permit review of interlocutory rulings with the final judgment and are inconsistent with law. *Cross v. Phillips*, 14 App. D. C. 228; *Seeberger v. Dodge*, 114 O. G. 2382; *Podlesak v. McInnerney*, 120 O. G. 2127; 26 App. D. C. 399; *Pohle v. McKnight*, 119 O. G. 2519.

Long established practice of the Patent Office is entitled to great weight, and the rules as to appeals in respect to which plaintiff in error complains has been the custom of the office for forty years. *Re Crane and Rogers*, C. D. 1871, August 23, 1871, Leggett, Commissioner; *Bate Refrigerating Co. v. Sulzberger*, 157 U. S. 1; 70 O. G. 1633.

MR. JUSTICE McKENNA delivered the opinion of the court.

This is a petition for mandamus filed in the Supreme Court of the District of Columbia, requiring the Commissioner of Patents to direct the board of examiners in chief to reinstate and take jurisdiction of the appeal of petitioners from the decision of the primary examiner, refusing to dissolve an interference between a patent granted to him and an application for a patent by one William L. Spoon. The Supreme Court granted the mandamus. Its judgment was reversed by the Court of Appeals.

The question in the case is, whether the rule of the Patent Office which denies an appeal from a ruling of a primary examiner, upon motion to dissolve an interference, is contrary to the Revised Statutes, and therefore void. Rule 124 provides that "from a decision of a primary examiner affirming the patentability of the claim or the applicant's right to make the same, no appeal can be taken."

Plaintiffs in error attack the rule as inconsistent with the sections of the Revised Statutes which provide for interferences. These sections are inserted in the margin.[1]

---

[1] R. S., SEC. 4904. Whenever an application is made for a patent which,

The facts are as follows: Lowry was granted a patent for a bale of fibrous material January 29, 1897. An interference was declared between his patent and application of one William Spoon, to which interference Lowry was made a party. He

in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question of priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse party appeals from the decision of the primary examiner, or of the board of examiners.in chief, as the case may be, within such time, not less than twenty days, as the Commissioner shall prescribe.

R. S., SEC. 4909. Every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the primary examiner, or of the examiner in charge of interferences in such case, to the board of examiners in chief, having once paid the fee for such appeal.

R. S., SEC. 4910. If such party is dissatisfied with the decision of the examiners in chief, he may, on payment of the fee prescribed, appeal to the Commissioner in person.

R. S., SEC. 4911. If such party, except a party to an interference, is dissatisfied with the decision of the Commissioner, he may appeal to the Supreme Court of the District of Columbia, sitting in banc.

SEC. 9 (Act of February 9, 1893, 27 Stat. 436, c. 74). That the determination of appeals from the decision of the Commissioner of Patents, now vested in the general term of the Supreme Court of the District of Columbia, in pursuance of the provisions of section seven hundred and eighty of the Revised Statutes of the United States, relating to the District of Columbia, shall hereafter be and the same is hereby vested in the Court of Appeals created by this act; and in addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case may appeal therefrom to said Court of Appeals.

R. S., SEC. 482. The examiners in chief shall be persons of competent legal knowledge and scientific ability, whose duty it shall be, on the written petition of the appellant, to revise and determine upon the validity of the adverse decisions of examiners upon applications for patents, and for reissues of patents, and in interference cases; and, when required by the Commissioner, they shall hear and report upon claims for extensions, and perform such other like duties as he may assign them.

R. S., SEC. 483. The Commissioner of Patents, subject to the approval of the Secretary of the Interior, may from time to time establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office.

moved to dissolve the interference upon the ground, among others, that Spoon's press was inoperative. The primary examiner granted the motion and Spoon appealed to the board of examiners in chief, who confirmed the decision. Upon petition of Spoon the Commissioner of Patents remanded the case to the primary examiner for further consideration, and the latter officer, upon the filing of additional affidavits, decided that Spoon's application disclosed an operative device. From this decision an appeal was taken to the board of examiners in chief, which was dismissed by that board for want of jurisdiction. Thereupon Lowry petitioned the Commissioner to direct the board to issue an appeal. The petition was denied, the Acting Commissioner remarking:

"The rule prohibiting an appeal from a decision upon a motion holding that a party has the right to make the claim of the issue is in accordance with the practice which has prevailed in this office for many years and has the support of all decisions of the courts which have been rendered on the subject. There seems to be no reason for regarding it as inconsistent with the statute. It seems very clear that the decision in this case is not a final adverse decision, since it is not a ruling that Lowry is not entitled to his patent. That is a matter which may be determined in the further proceedings, and, therefore, it is clear that the decision relates to a mere interlocutory matter.

"The petition is denied."

Lowry filed another petition, appealing to the Commissioner "in person," to direct the board of examiners in chief to entertain his appeal. The petition was considered and denied. In passing on the petition the Commissioner said:

"Under the express provisions of Rule 124 there is no appeal to the examiners in chief from such decision rendered on an interlocutory motion. It is believed that there is nothing in that rule inconsistent with law, and that, therefore, it has the force of law. The right of appeal in interferences given in general terms in the statute is a very different thing from the

right of appeal on all motions in the interference. To permit appeals on motions would multiply litigation and extend the proceedings in interferences beyond all reasonable limits. It would work great hardship to parties. The appellate tribunals of this office are no more required to give cases piecemeal consideration than are the appellate courts. The whole case should be ready for appeal when the appeal provided for by the statute is taken.

*　　*　　*　　*　　*　　*　　*　　*

"It is to be particularly noted that there has been no decision as to the rival claims of the parties to this interference. It has not been decided which party is entitled to the patent. If it should at any time be decided that Spoon is entitled to the patent, Lowry will have the right of appeal, but until such final decision is rendered the statute gives him no right of appeal.

"It would seem upon general principles of law that Lowry could then present for determination by his appeal any question which in his opinion vitally affects the question which party is entitled to the patent. The only ground upon which he can reasonably claim the right of appeal on this motion is that the question vitally affects his claimed right to a patent, and if it does that, he can raise it at final hearing and contest it before the various appellate tribunals, including the Court of Appeals.

"The refusal to permit the present appeal on motion is therefore not a denial of an opportunity to have the matter reviewed by the several appellate tribunals mentioned in the statute."

And further: "No good reason is seen for changing the provisions in Rule 124 here in controversy, which was adopted and approved by a long line of Commissioners of Patents, among whom have been some of the ablest patent lawyers in the country, and which rule has been acquiesced in by patent attorneys practicing before the office for the last quarter of a century."

There is quite a sharp controversy between the parties as to the effect of the ruling of the Commissioner. Plaintiffs in error are apparently convinced that the ruling of the primary examiner involves a fundamental right which, if not decided on his appeal, will be forever foreclosed to him for review. A different view is expressed by defendant in error. However this may be, we think the question in the case is in quite narrow compass. The statutes involved are not difficult of interpretation. The determining sections are 482, 483, 4904 and 4909. Plaintiffs in error put especial stress upon sections 482 and 4909. Section 482 provides for the appointment of examiners in chief, "whose duty it shall be, on the written petition of the appellant, to revise and determine upon the validity of the adverse decisions of examiners . . . in interference cases." Sections 4906, 4909 provide that "every party to an interference, may appeal from the decision of the primary examiner . . . in such case to the board of examiners in chief. . . ." The contention is that this section gives the right of appeal unreservedly and any limitation of it by a rule is void. Such might not be the result, even if there was no qualification of those sections in other sections. As said by the Commissioner, "the right of appeal in interferences given in general terms in the statute is a very different thing from the right of appeal on all motions in the interference." It certainly could not have been the intention to destroy all distinctions in procedure. But we are not left to inference. The statute is explicit. It limits the declaration of interferences to the question of priority of invention. Section 4904 provides that in case of conflict of an application for a patent with a pending application or with an unexpired patent (as in the case at bar), the Commissioner shall give notice thereof, "and shall direct the primary examiner to proceed to determine the question of *priority of invention.*" (Italics ours.) And it is provided that the Commissioner shall issue a patent to the party adjudged the prior inventor, unless the adverse party appeals from the decision of the primary ex-

aminer or examiners in chief, as the case may be. The history of the sections and the rules are gone into at length by the Court of Appeals in its opinion. We need not repeat the discussion. It answers the detailed reasoning of plaintiffs in error. We concur with the views expressed, that the statutes provide only for appeals upon the question of priority of invention. Appeals on other questions are left to the regulation of the Patent Office under the grant of power contained in section 483.

*Judgment affirmed.*

MR. JUSTICE PECKHAM and MR. JUSTICE DAY dissent.