**FEKETE et al. v. ROBERTSON, Commissioner of Patents.**

(Court of Appeals of District of Columbia. Submitted December 10, 1926. Decided January 3, 1927.)

No. 4429.

1. Patents ☞114—Applicant must appeal from Commissioner of Patents' denial of petition to revive patent application before bringing suit in equity (Comp. St. §§ 9438, 9449, 9460).

Before suit in equity for a patent under Rev. St. § 4915 (Comp. St. § 9460), may be maintained after denial by Commissioner of Patents of petition to revive application under section 4894 (Comp. St. § 9438), applicant must prosecute appeal notwithstanding interference was not declared by Patent Office, since under section 4904 (Comp. St. § 9449), declaration of interference is not necessary until determination of patentability.

2. Patents ☞106(2)—Patent Office need not declare interference until patentability has been determined (Comp. St. § 9449).

Under Rev. St. § 4904 (Comp. St. § 9449), Patent Office need not declare interference until patentability has been determined, since declaration of interference is limited to question of priority of invention.

Appeal from the Supreme Court of the District of Columbia.

Suit by Stephen I. Fekete and another against Thomas E. Robertson, Commissioner of Patents of the United States. From a decree dismissing the bill, complainants appeal. Affirmed.

Henry Calver, of Washington, D. C., and E. J. Gray, of Boston, Mass., for appellants.

R. F. Whitehead, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, dismissing appellant's bill for a patent, filed under section 4915, R. S. (Comp. St. § 9460). The material facts are as follows:

On January 27, 1921, appellant filed his application in the Patent Office. The claims were rejected by the Examiner on April 8, 1921. An amendment was filed, resulting in a second rejection on June 12, 1922. The application therefore became abandoned one year from that date. A petition to revive was filed in the Patent Office on November 24, 1924, under section 4894, R. S. (Comp. St. § 9438), which requires a showing "to the satisfaction of the Commissioner of Patents that such delay [in the prosecution of the claim] was unavoidable."

The basis for the application to revive was that, before appellant's application became abandoned, a man named Widman filed an application in the Patent Office for the same invention, and when that application finally was rejected by the Examiner on January 18, 1924, an appeal was taken to the Examiners in Chief, who overruled the Examiner. Thereupon a patent was issued to Widman on September 2, 1924, without notice to appellant of the allowance of Widman's application. The Commissioner denied appellant's petition to revive and this bill was filed. [1] Section 4915, R. S., provides that, "whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity," etc. When this statute was enacted there was no appeal from the decisions of the Commissioner of Patents in interference proceedings, so that his decisions were final in that class of cases. Under the act of 1893, creating the Court of Appeals of the District of Columbia, an appeal was allowed from decisions of the Commissioner in interference proceedings. 27 Stat. 436. After the enactment of this legislation, it was incumbent upon an applicant for patent, before taking advantage of the provisions of section 4915, R. S., to prosecute an appeal to this court. McKnight v. Metal Volatilization Co. (C. C.) 128 F. 51; Allen v. Lowry, 26 App. D. C. 8, 26.

[2] In this case no appeal was prosecuted, even to the Commissioner of Patents, but appellant seeks to excuse himself in this behalf because an interference was not declared by the Patent Office between his application and that of Widman. Section 4904, R. S. (Comp. St. § 9449), provides that, "whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question of priority of invention." The statute then authorizes the Commissioner to issue a patent to the party who is adjudged the prior inventor, unless the adverse party appeals from the decision. It is the contention of appellant that the statute requires the declaration of an interference, whether or not the Examiner is of the view that there are patentable claims.

We cannot accept this view. In Allen v. Lowry, 26 App. D. C. 8, 17, we said: "We cannot emphasize too strongly that, in our opinion, the statutes relating to interferences only provide that they shall be instituted for the sole purpose of determining priority of invention. * * *" This case was reviewed by the Supreme Court of the United States (203 U. S. 476, 27 S. Ct. 141, 51 L. Ed. 281), where it was said: "The statute is explicit. It limits the declaration of interferences to the question of priority of invention."

Until patentability has been determined by the Patent Office, the declaration of an interference would be an idle ceremony. Widman had sufficient confidence in his case to pursue the remedies the statute provided; appellant did not.

The decree is affirmed, with costs.

Affirmed.