## In re HORTON.
### Patent Appeal No. 2933.

Court of Customs and Patent Appeals.
May 23, 1932.

Eugene L. Culver, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

H. G. Grover, of New York City (Harry Tunick, of New York City, of counsel), amicus curiæ.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Harry M. Horton, filed his petition on July 5, 1928, for an extension of his patent, No. 1,165,412, dated December 28, 1915, under the provisions of the Act of May 31, 1928, 45 Stat. 1012 (35 USCA §§ 40a–40d).

The statute in question provides, in brief, that any person who served honorably in the military or naval forces of the United States at any time between April 6, 1917, and November 11, 1918, both dates inclusive, and was subsequently honorably discharged, may make application for the extension of a patent which had been theretofore granted to him, and which, between the said dates and at the time of the passage of the act, was owned by the applicant. The conditions precedent to the issuance of such extension are that the applicant, between April 6, 1917, and July 2, 1921, was not receiving an income from said patent, or that his income therefrom was reduced by said military service, and that at the time of the induction of said person into the said service he was making diligent effort to exploit the invention covered by his patent.

Under the provisions of section 3 of said act (35 USCA § 40c), upon the publication of notice in the Official Gazette, the Radio Corporation of America duly filed opposition to said extension. For the purposes of this opinion it will not be necessary to allude further to the pleadings and proofs which were offered in the Patent Office, because, as we view the matter, the merits of the application are not now before us. On June 6, 1930, the Commissioner of Patents denied the application by his written decision filed in the Patent Office on that date. Thereafter, on July 24, 1930, the applicant filed a request for a reconsideration of said decision, and offered in support thereof an affidavit of one C. C. Culver. On July 30, 1930, the Commissioner of Patents denied the motion and request for reconsideration.

On August 20, 1930, the applicant filed in the Patent Office his notice of appeal to this court. The Solicitor for the Patent Office has filed in this court a brief in which he specifically directs attention to the fact that the said notice of appeal filed by the petitioner in the Patent Office was not filed within the forty days fixed by rule 149 of the Patent Office, which was, in part, as follows:

"149. When an appeal is taken to the Court of Appeals of the District of Columbia, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within forty days, exclusive of Sundays and holidays but including Saturday half holidays, from the date of the decision appealed from, his reasons of appeal specifically set forth in writing."

In reply to this suggestion, the applicant argues that the time for filing such notice of appeal should date from July 30, 1930, when his petition to reopen was denied by the Commissioner. The contention is that the filing of such a petition extends the time, and that the "date of the decision appealed from"

should be considered as July 30, 1930, instead of June 6, 1930.

The said rule 149 was promulgated by the Commissioner in pursuance of the authority given by section 4912, R. S., as amended (35 USCA § 60):

Sec. 4912. "When an appeal is taken to the Court of Appeals of the District of Columbia, the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing."

No contention is made that said rule 149 is not reasonable or within the scope of the power conferred upon the Commissioner by said section 4912. It therefore has the force and effect of law. Westinghouse Traction Brake Co. v. Christensen (C. C. A.) 243 F. 901; Mell v. Midgley, 31 App. D. C. 534; In re Mraz, 36 App. D. C. 435.

No provision is made by the rules of the United States Patent Office for the filing of petitions for rehearing in matters like that here involved. Our attention is called to rule 123 of the Patent Office which, it is claimed, operates to stay the proceedings during the pendency of such petition. However, on inspection it will be found this rule has the effect only of a stay of proceedings in motions brought under rules 109 and 122 of the office, which apply respectively to motions to file an amendment to an application, or to put in interference a claim already in the application or patent, or to substitute another application in interference matters, and to dissolve an interference, or to shift the burden of proof. Rule 123 has no reference to a petition to reopen, such as that filed in the case at bar.

It is contended by the applicant that it has been the practice of the Patent Office to consider applications for rehearing of final decisions in that office, and in support appellant cites Ex parte Messinger, 1897 C. D. 1.

Whatever may be the practice of the office in that respect, it has been the uniform rule in the office, so far as we are advised, to consider that an application or petition for rehearing, or to reopen a case, shall not be considered as extending the time for appeal provided by the rules of the office. Greuter v. Mathieu, 1904 C. D. 380; Felsing v. Nelson, 1906 C. D. 185; Naulty v. Cutler, 1907 C. D. 8.

This has also been the rule in the courts of the District of Columbia which formerly exercised jurisdiction in this class of cases.

In Ross v. Loewer, 9 App. D. C. 563, the Court of Appeals had under consideration an appeal from the Patent Office which had not been filed within forty days under rule XX of the court, which provided that such appeals "shall be taken within *forty days* from the date of the ruling or order appealed from, *and not afterwards.*" The court held that the pendency of a motion for rehearing did not extend the time of appeal. In answer to this suggestion, appellant argues that this court has no rule similar to said rule XX. While this is true, it is not seen why any such rule is necessary. The statute and the rule of the Patent Office fixes the time limit within which appeals may be perfected, and this we deem is sufficient.

In Mattullath Aeroplane Co. v. Newton, Commissioner, 1921 C. D. 103, the Supreme Court of the District of Columbia had before it for consideration a bill in equity, filed under section 4915, R. S. (35 USCA § 63), which sought a decree for the issuance of a patent which had been refused by the Patent Office. It appears from the statement of the case that, upon the refusal of the plaintiff's application for a patent, he appealed to the Court of Appeals of the District of Columbia, where the decision of the Commissioner was affirmed on February 5, 1917 (In re Mattullath Aeroplane Co., 1917 C. D. 141). His bill in equity was filed on February 23, 1918, and it was pleaded that the bill was not filed within one year from the time of the decision of the Court of Appeals refusing the patent, as was by statute provided. It further appeared that a petition for rehearing was filed on February 21, 1917, and denied February 24, 1917, by said Court of Appeals. The Supreme Court, speaking through Gould, J., held that the bill was not filed within the statutory period, and it was dismissed.

In view of the facts as presented, we are of opinion the notice of appeal was not filed within the time provided by the rules of the Patent Office and that this court is without jurisdiction in the matter. The appeal is therefore dismissed.

Appeal dismissed.

LENROOT, Associate Judge, did not participate in this case.