## ETHYL GASOLINE CORPORATION v. COE, Com'r of Patents.

### No. 8408.

United States Court of Appeals.
District of Columbia.

Decided Dec. 6, 1943.

Messrs. A. K. Shipe, of Washington, D. C., and H. Frank Wiegand, of New York City, with whom Mr. Edwin R. Hutchinson, of Washington, D. C., was on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D.C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

In this case the application for patent related to methods for improving the operation of internal combustion engines, such as automobile engines, involving the use of anti-knock agents; and to products comprising motor fuels and anti-knock materials. All the claims involved anti-knock agents composed of three or more of the following lead alkyl compounds: lead tetra-methyl, lead tri-methyl ethyl, lead di-methyl di-ethyl, lead tri-ethyl methyl, lead tetra-ethyl. The applicant's claims emphasized, particularly, the use in combination of lead tri-methyl ethyl, lead di-methyl di-ethyl, and lead tri-ethyl methyl. The use of lead alkyls in gasoline to minimize knocking was old in the art but, prior to the present application, reliance had been placed, mainly, upon tetra-ethyl.

During the prosecution of the application the Examiner, acting under the provisions of Rule 96 of the Patent Office,[1] suggested to Bartholomew, who was the applicant and appellant's assignor, a claim, for the purpose of interference with other parties, and advised Bartholomew that if he did not present the claim by a given date his failure would be considered a dis-

[1] Rule 96, so far as pertinent, reads as follows: "Whenever the claims of two or more applications differ in phraseology, but relate to substantially the same patentable subject matter, the examiner shall suggest to the parties such claims as are necessary to cover the common invention in substantially the same language. The examiner shall send copies of the letter suggesting claims to the applicant and to the assignee, as well as to the attorney of record in each case. The parties to whom the claims are suggested will be required to make those claims within a specified time in order that an interference may be declared. Upon the failure of any applicant to make any claim suggested within the time specified, such failure or refusal shall be taken without further action as a disclaimer of the invention covered by that claim unless the time be extended upon a proper showing. After judgment of priority the application of any party may be held for revision and restriction, subject to interference with other applications."

claimer of the subject matter involved in the suggested claim. The Examiner's suggested claim was as follows: "Liquid fuel for internal combustion engines of the otto cycle multicylinder type comprising a mixture of hydrocarbons of such varying volatility and forming such varying air-fuel ratios as to cause material variation in knocking tendency of the several cylinders in operation and containing a small quantity of a mixture of volatile lead alkyls consisting of tetra ethyl lead, tri ethyl methyl lead, di ethyl di methyl lead, ethyl tri methyl lead, and tetra methyl lead, whereby variation in separate cylinder knocking tendency is eliminated and the anti-knock value of the fuel is raised." The applicant declined to present the suggested claim, on the following ground: "Applicant cannot find and the Examiner has not pointed out any subject matter in the present application which will support this claim or which states that applicant is trying to achieve the result claimed. Applicant specifically denies that this claim names a direction or a result which the present application endeavors to attain." Thereupon the Patent Office rejected the claims. Then followed the present proceeding in the District Court from which this appeal was taken.

■■ As appellee does not deny the truth of the trial court's finding (No. 12) that the applicant's claims were rejected by the Patent Office *solely* because he failed to present the suggested claim, we accept the finding as correct.[2] In his brief the Commissioner contends, without qualification: "It is well settled that where an applicant has disclaimed certain subject matter by failing to present a claim thereto which was suggested for purpose of interference, that subject matter is properly considered as prior art with respect to the applicant." Apparently the Patent Office and the trial court proceeded on the same theory. The trial court also found: "13.

By failing to make the claim suggested by the Examiner, Bartholomew disclaimed the fuel defined by the suggested claim. * * * 19. The claims at bar are not patentable over the fuel defined by the claim suggested by the Examiner to Bartholomew."

This, we think, goes too far. Whatever may be the effect of the rules adopted by the Patent Office,[3] whatever may be the merits of the present claims, it is obvious that "the prior art" cannot include facts unknown to the prior art before the application was filed. This disputed claim was suggested by the Examiner, not to describe the prior art, but to provide a basis for interference between applicants, in order to determine which was the first inventor. If the claim, in fact, described the prior art then no applicant was entitled to a patent and the interference proceeding was unnecessary. If the claim, in fact, described the prior art, it did so, not because one applicant or the other disclaimed it, but because the facts set out in the claim were actually known to the prior art.

■■ Assuming the validity of Rule 96, its effect is to establish, under certain circumstances, an estoppel against the applicant who declines to present a suggested claim.[4] Just what the nature and extent of that estoppel may be is not necessary to decide.[5] It is enough to say that we cannot support the theory of the Patent Office that the disclosures of the suggested claim constitute prior art against the applicant. The extent of estoppel will depend, in the particular case, upon how the suggested claim is drawn and for what reason it is refused by the applicant. Under some circumstances the result may be similar to that which would obtain if the teachings of the prior art had been sufficient to bar a patent. But only in this limited sense is the analogy permissible. The confusion, between an estoppel and the condition of the prior art,[6]

---

[2] "12. The Patent Office Examiner thereafter finally rejected the applicant's claims solely because the applicant had failed to make the suggested claim."

[3] See Mell v. Midgley, 31 App.D.C. 534, 537: "It is well settled that the rules of procedure in the Patent Office, *when not in conflict with any provision of law*, have the full force and effect of statutes." [Italics supplied]; In re Mraz, 36 App.D.C. 435, 439; Westinghouse Traction Brake Co. v. Christensen, 3 Cir., 243 F. 901, 905; In re Horton, 58 F.2d 682, 683, 19

C.C.P.A. 1151. See, also, United States ex rel. Steinmetz v. Allen, 192 U.S. 543, 556, 24 S.Ct. 416, 48 L.Ed. 555.

[4] Lyon v. Boh, 2 Cir., 10 F.2d 30, 34; In re Austin, 40 F.2d 756, 759, 17 C.C.P.A. 1202. Cf. Application of Doble, 57 App. D.C. 10, 16 F.2d 350; In re Capen, 43 App.D.C. 342, 344.

[5] International Cellucotton Products Co. v. Coe, 66 App.D.C. 248, 85 F.2d 869.

[6] In re Williams, 62 F.2d 86, 88, 20 C.C. P.A. 738.

has been unfortunate and misleading. This is well illustrated in the present case.

On oral argument the Commissioner conceded that if the interpretation contended for in his brief were pressed to its logical limits, then Rule 96 and the practice under it would be arbitrary and capricious. This is the ever-present danger of rules of thumb which are designed to achieve convenience by avoiding the exercise of administrative discretion. Whether it was necessary to press the proposed interpretation to its logical limits in the present case is immaterial. That the rule was so interpreted and applied by the trial court is apparent. The case will be remanded for findings and determination on the merits.

Reversed.