31 C.C.P.A. (Patents)

KOCH v. LIEBER.

Patent Appeal No. 4793.

Court of Customs and Patent Appeals.

March 6, 1944.

Hoguet, Neary & Campbell, of New York City (Walter H. Free, of New York City, and George H. Corey, of Portland, Or., of counsel), for appellant.

S. Michael Pineles, of New York City (M. C. Massie, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of the invention defined by the four counts in issue (Nos. 1 to 4, inclusive), to appellee.

The interference is between appellant's reissue application, No. 314,564, filed Jan-

uary 18, 1940, for the reissue of his patent No. 2,144,458, issued January 17, 1939, on an application, No. 38,682, filed August 31, 1935, and appellee's reissue application, No. 267,932, filed April 14, 1939, for the reissue of his patent No. 2,077,425, issued April 20, 1937, on an application, No. 648,733, filed December 24, 1932.

Count 1 is sufficiently illustrative of the counts in issue. It reads:

"1. In an audiphone, the combination of electromagnetic means adapted to respond to varying currents substantially throughout the audible frequency range, a casing secured thereto, a relatively stiff vibratory member operatively associated with the means for vibration thereby, a contactor connected to the member and forming at least part of a wall of the casing resilient means between the contactor and the casing whereby the contactor can vibrate relatively to the casing, and means supporting the casing with the contactor in operative contact with the bone structure of the user for conducting its vibrations therethrough to the inner ear."

Counts 1, 2, and 3 originated in appellant's patent and were included in his reissue application. Count 4 originated in appellant's reissue application.

 Appellant is the junior party, and the burden was upon him to establish priority of invention by a preponderance of the evidence.

Both parties submitted testimony on the question of priority.

The invention in issue relates to an audiphone, an instrument designed to aid those whose sense of hearing has been impaired. It is of the bone conductor type, and is so arranged as to transmit vibrations through the bone structure to the inner ear by means of a bone contactor.

As will be observed from the quoted count the hearing device comprises a casing, an electromagnetic means responsive to varying currents in the audible frequency range, a relatively stiff vibratory member operatively associated with the electromagnetic means, a contactor which forms at least a part of the wall of the casing, a resilient means between the contactor and the casing to permit the contactor to vibrate relative to the casing, and means supporting the casing with the contactor in operative contact with the bone structure of the user.

It appears from the disclosures in the patents, as well as in the reissue applications of appellant and appellee, that the vibratory mechanism for producing vibrations is enclosed within a casing which has an opening in the central portion thereof, and that that opening is closed and the wall of the casing thereby completed by what is termed a "contactor." In several of the drawings in appellant's patent and his reissue application, as well as in appellee's patent and reissue application, the end of the contactor projects beyond the outer surface of the wall of the casing.

The difference between the disclosures in the patents is that appellant shows a relatively thick wall with its outer surface in one plane, whereas appellee shows a comparatively thin wall having a central enlargement or extension which forms a supporting surface adapted to support the receiver on the wearer's head. It will thus be seen that the area of the outer wall surface which supports the receiver on the wearer's head is greater in appellant's disclosure than in that of appellee. However, the area thus referred to is not specified in the counts.

As originally declared, the interference included counts 1, 2, and 3. During the motion period, appellee moved to add count 4 to the interference, and appellant moved to dissolve the interference as to counts 1, 2, and 3 on the ground that appellee was not entitled to make the claims constituting those counts and, for the same reason, opposed appellee's motion to add count 4 to the interference.

The Primary Examiner denied appellant's motion to dissolve, but granted the motion to add count 4 to the interference. Whereupon, the interference was redeclared.

There are but two contentions made in appellant's motion to dissolve as to counts 1, 2, and 3. Those contentions were also made by appellant in opposing the addition of count 4 to the interference. They are: First, that appellee's patent does not disclose a contactor which forms at least a part of the wall of the casing, as called for by each of the counts in issue; second, that as counts 1, 2, and 3 were in appellant's patent, they should be so construed as to be valid and. that, if they were so broadly construed as to read on appellee's disclosure, they would be met by the prior art. Specifically, appellant contended that as the wall of the casing in appellee's structure, as disclosed in his patent, was pro-

vided with a central boss or elevation projecting therefrom, which was described in the patent as a "central enlargement * * * of the cover" of the casing which formed a supporting surface adapted to support the receiver on the wearer's head, appellee's disclosure did not conform to the limitation in the counts that the contactor formed a part of the wall of the casing.

In denying appellant's motion to dissolve and granting appellee's motion to add count 4 to the interference, the Primary Examiner stated in his decision that the projection or central enlargement in the casing, as disclosed in appellee's patent, is comparatively slight, and that—"The area of the projection [in appellee's device as disclosed in his patent] is sufficient to allow a firm support of the receiver on the bone structure of the wearer. The natural curvature of the bone structure would not allow a better support if the area were larger like the flat supporting face plate of the Koch devices. The button [contactor] projects slightly above the supporting surface of the projection [the enlargement in the central portion of the casing in appellee's device] when not in use but when in operating condition is flush with this surface as shown in Fig. 3. It is necessary that the contactor project slightly above the supporting surface when the receiver is not supported on the head so that a good contact is made between the contactor and the bone when the receiver is supported in operating position on the head."

The examiner further stated that "it does not appear" that the prior art referred to by counsel for appellant "present disclosures which require a construction of the patented claims [as well as added count 4] which would not be descriptive of the disclosure" contained in appellee's patent.

It should be stated at this point that in an ex parte prosecution of appellee's reissue application, the Primary Examiner held that appellee could not make the claims constituting counts 1, 2, and 3 which had been copied from appellant's patent, and that on appeal to the Board of Appeals, the examiner's decision was reversed and it was held that appellee's patent disclosed the invention defined by those counts.

It appears from the decision of the Board of Interference Examiners that at final hearing appellant renewed his motion to dissolve the interference for the reasons therein set forth and the reasons assigned for his opposition to the addition of count 4 to the interference, and also advanced additional reasons.

The board held that the additional reasons not included in appellant's motion to dissolve or in his opposition to the addition of count 4 to the interference could not be considered by it. In support of such holding, the board cited the case of Creed et al. v. Potts, 96 F.2d 317, 25 C.C.P.A., Patents, 1084, 1089.

The holding of the board that grounds for the dissolution of an interference, not included in the motion to dissolve, were not properly before it, although raised at final hearing, is in conformity with rule 122 of the Rules of Practice in the United States Patent Office, 35 U.S. C.A.Appendix. See Creed et al. v. Potts, supra. Accordingly, so far as the dissolution of the interference is concerned, we may consider here only the reasons set forth in appellant's motion to dissolve as to counts 1, 2, and 3 and in his opposition to the addition of count 4 to the interference. It is unnecessary, therefore, that we set forth other reasons why, in the opinion of counsel for appellant, appellee's patent does not disclose the subject matter of the counts in issue.

Relative to appellant's motion to dissolve as to counts 1, 2, and 3 and his opposition to the addition of count 4 to the interference on the ground that appellee does not disclose in his patent that the contactor forms at least a part of the wall of the casing, as called for by each of the counts in issue, the board held, as did the Primary Examiner (in substance), that appellee's patent discloses in the drawings that the central enlargement in the casing has a relatively wide area and that the contactor extends slightly beyond or above it, and that the Koch patent, although showing no such enlargement in the casing, shows a contactor extending a slight distance above or beyond the wall of the casing. The board stated that in appellant's patent "the contactor forms at least part of the wall of the casing even though it extends a slight distance therebeyond if in the normal condition of wear contact is maintained both with the contactor and base of the device." The board further stated:

"It is believed that the device as disclosed by Lieber [appellee] fully meets this criteria. It is true that Lieber provides a boss [an enlargement in the central portion of the casing which is adapted to support the receiver on the wearer's head] but this

boss has a relatively wide flat area which provides the same base contact as the whole base of the Koch device and distinguishes in this respect over the prior art cited in the Koch file * * *. This distinction appears to be all that is set forth in the limitation of the counts under discussion and, accordingly, we believe that Lieber [appellee] is entitled to make the counts in issue."

We are in agreement with the conclusion reached by the board that the drawings in appellee's patent clearly disclose that the contactor forms a part of the wall of the casing.

It is true that in appellee's device the contactor extends slightly beyond the enlargement in the wall of the casing. Nevertheless, it appears from the record, as well as from the brief of counsel for appellant, that the contactor should extend slightly beyond the wall of the casing when the device is not in use.

▆ The board further stated that it was the contention of counsel for appellant that appellee was not entitled to make the counts in issue because they were for a different invention from that claimed in appellee's patent. The board held, however, that that question was not ancillary to the issue of priority of invention, and was, therefore, not proper for consideration in an interference proceeding. In so holding, the board relied upon the decisions of this court in the cases of Herthel and Tifft v. Dubbs, 65 F.2d 138, 20 C.C.P.A., Patents, 1128, and Ellis v. Maddox, 96 F.2d 308, 25 C.C.P.A., Patents, 1045, which clearly support that holding.

The board considered the evidence introduced by appellant for the purpose of establishing that he was the prior inventor of the subject matter here involved, and held that appellant had failed to establish conception of the invention prior to appellee's filing date (December 24, 1932); that appellee was the first to conceive the involved invention and the first to reduce it to practice by the filing of his application, and, accordingly, awarded priority of invention to appellee.

Counsel for appellant contend here, among other things, that if the counts in issue are so broadly construed as to read on the disclosure in appellee's patent, they are not patentable over the prior art.

▆ This court has repeatedly held that when in an interference proceeding the appellate tribunal of the Patent Office (in the instant case, the Board of Interference Examiners) construes counts broadly and holds that when so construed they are patentable over the prior art, we are bound by such holding, and that the patentability of such counts is a matter for ex parte consideration by the Patent Office tribunals. See Marshall and Levandosky v. Ledwinka, 67 F.2d 495, 21 C.C.P.A., Patents, 728; Vickery v. Barnhart, 118 F.2d 578, 28 C.C.P.A., Patents, 979; Vietti et al. v. Dow et al., 120 F.2d 360, 28 C.C.P.A., Patents, 1156.

It is unnecessary that we extend this opinion by a detailed discussion of all of the evidence introduced by appellant. It is sufficient to say that counsel for appellant rely here upon appellant's physical exhibit No. 6, which includes merely a diaphragm element and a contactor and which was made, as it is now constituted, sometime in November 1932. It is not assembled as a hearing-aid device and does not conform to the counts in issue. Counsel contend, however, that exhibit No. 6 was assembled in a casing with rubber washers, and that the contactor was flush with, and a part of, the wall of the casing, and that such a device was successfully tested by appellant and the witness Sterling G. Sears "with a head band in the early part of 1932."

The witness Sears testified that exhibit No. 6 was the only device that was not modified for subsequent experiments, and that when mounted in a "receiver case like Exhibit 10, with suitable rubber washers in front or behind the spider as in Exhibit E, the button tip was substantially at the surface of the cap."

Exhibit No. 6 was tested about the middle of November 1932. There is nothing in the evidence, however, to show that it was assembled in a hearing-aid device, as called for by the counts in issue, and successfully operated prior to appellee's filing date—December 24, 1932.

Counsel for appellant state in their brief that appellant's physical exhibit No. 12 was made and successfully operated in the early part of December 1932, and that a few days before Christmas 1932 appellant's physical exhibit No. 13 was made and successfully tested. However, neither of those exhibits have a head band or any other means for supporting the casing with the contactor in operative contact with the bone structure of the user, and, therefore, do not conform to the counts in issue.

522

In reply to the board's holding that none of the exhibits tested prior to appellee's filing date conform to the device defined by the counts in issue and that exhibits, such as appellant's exhibits Nos. 12 and 13, had no head bands or other supporting means as required by the counts in issue, counsel for appellant state in their brief that that limitation in the counts is a minor one and that the counts would have been satisfied had the device been held in position by the use of the hand. That counsel for appellant are wrong in that contention is so obvious as to require no further comment.

It is conceded by counsel for appellant that appellant did not construct a device prior to the filing of his patent application (August 31, 1935) which included a "resilient means" between the contactor and the casing as called for by count 1.

Exhibits other than those hereinbefore referred to were introduced in evidence by counsel for appellant. However, we deem it unnecessary to describe or discuss them here. It is sufficient to say that we have given careful consideration to the evidence introduced by appellant and the arguments of counsel pertaining thereto, but are unable to hold that the board erred in finding that appellant had. failed to establish conception or reduction of the invention to practice prior to appellee's filing date—December 24, 1932.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.