33 C.C.P.A. (Patents)

### ANDERSON v. WALCH.

#### Patent Appeal No. 5061.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

976

John F. Robb, of Cleveland, Ohio, and Harry C. Robb and Harry C. Robb, Jr., both of Washington, D. C., for appellant.

John F. Swain, of San Francisco, Cal., and Charles M. Thomas, of Washington, D. C. (Stephen W. Blore, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of the invention defined by the counts·in issue (Nos. 1 to 6, inclusive) to appellee, Jacob S. Walch.

The interference is between appellant's application No. 414,862, filed October 13, 1941, and appellee's application No. 392,712, filed May 9, 1941.

Counts 1, 3, and 5 are sufficiently illustrative of the involved counts. They read:

"1. In a dirt scraping and hauling vehicle, in combination, a vehicle frame, a vehicle body made up of front and rear body sections, each comprising a scraper, means for propelling said vehicle, and instrumentalities for causing relative bodily movement of the body sections toward and from one another."

"3. In a dirt scraping and hauling vehicle, in combination, a supporting frame comprising relatively slidable front and rear frame means, supporting wheels for the vehicle connected to said frame, a dirt receiving body mounted on the frame and comprising a rear section and a front section, instrumentalities for causing relative sliding movement of the frame members longitudinally of the vehicle to impart corresponding relative movement to the body sections, and means for elevating and lowering the said frame members and body sections."

"5. In a vehicle of the class described, in combination, a vehicle body comprising front and rear sections, means telescopically connecting said sections together for movement away from each other to an open position and toward each other to a closed position, each of said sections being provided with a scraper blade, independently operable elevating means at the front and rear ends of said body, the scraper blade on said rear section being operable to perform a scraping action when said body is in an open position and upon operation of one of said elevating means to move the same into engagement with the ground, the scraper blade on said front section being operable to perform a scraping action upon operation of said other elevating means to lower the same into engagement with the ground and upon movement of said front section toward said rear section into closed position."

The counts in issue originated in appellant's application.

Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The invention in issue relates to a dirt scraping and hauling vehicle having a frame, a body comprising front and rear body sections, and means for moving the two body sections away from each other

into open position and toward each other into closed position to form a dirt-carrying bowl. Each of the sections is provided with a scraper blade which performs a scraping action. In operation, when the sections are in open position the scraper blade on the rear section digs into the earth and when it has a capacity load, the front section is moved toward the rear section, the blade on the front section performing a scraping action until the front and rear sections are in closed position. The two body sections are then elevated so that the vehicle may be moved to the desired location for dumping the dirt.

Count 2 of the interference differs from count 1 only in that it calls for means for raising and lowering the two body sections relative to the wheels of the vehicle. Quoted count 3 does not call for the front and rear body sections of the vehicle being provided with scraper blades. However, it calls for "instrumentalities for causing relative sliding movement of the frame members longitudinally of the vehicle to impart corresponding relative movement to the body sections, and means for elevating and lowering the said frame members and body sections." In addition to the elements called for in counts 1 and 2, count 4 calls for "elevating means at each end of said body independently operable at different times to cause movement of said scraper blades into position to perform a scraping action." Count 6, so far as the issues here are concerned, is substantially the same as quoted count 5.

It appears from the record that appellant Anderson filed an application (No. 338,796) for patent on June 4, 1940, in which he disclosed the invention defined by the counts in issue. That application became abandoned September 21, 1941, because of appellant's failure to reply to an official action by the Primary Examiner. Thereafter, on October 14, 1941, appellant filed his application involved in this interference. The two applications were not co-pending. Accordingly, appellant is entitled to the filing date of his original application for conception of the invention, but is not entitled to that date for constructive reduction to practice.

It further appears from the record that appellee filed an application (No. 304,541) for patent November 15, 1939, and that that application became abandoned but not until after appellee filed his application here involved.

In the ex parte prosecution of appellee's earlier application, the Primary Examiner rejected, although not finally, all of the claims on the ground of insufficiency of the disclosure in that application, the examiner stating that the device of the type there involved required "suitable transmission, clutches, differential, control apparatus, etc., in order to be a practical device, and while it is frequently possible to illustrate conventional apparatus in a somewhat schematic fashion, such procedure does not appear to be proper in this particular case."

Subsequent to the declaration of the involved interference and within the motion period, appellant Anderson moved to dissolve the interference on the ground that appellee's application does not disclose an operative structure in that the mechanism disclosed by appellee for operating the machine either in a forward or rearward direction is not such "that the drive may be taken from the engines to the wheels to operate the scraper in any one or two directions, employing the clutching means and the transmission gearing as shown by Walch and as merely described by him in a general way without reference to an operative disclosure in his specification of the method of action of his driving gearing."

In denying appellant's motion to dissolve and holding that appellee's disclosure was sufficient to support the counts involved in the interference, the examiner stated that the elements necessary to obtain the desired results, that is, to drive the vehicle forward or backward "with equal facility and speed," were broadly described in the Walch application, "including an engine, geared to a transmission with its gear shift and clutch levers, and in turn driving a differential mechanism on the wheel axle unit"; that, although appellee's transmission is not described in detail, "a more or less diagrammatic showing of the gear arrangement is set forth in Fig. 7" of the Walch application; that "The details of the transmission have no bearing on the real issues of the interference as is clear from a casual inspection of count 1, for example"; and that "Any slight inaccuracy" in appellee's disclosure, relative to the gears and the spacing thereof, which tends to "cause interference between any two pairs of gears is obviously but a draftsman's error, quite capable of correction by amendment."

Evidence was introduced by appellant in order to establish that he was the prior inventor of the subject matter in issue, and that appellee's disclosure was inoperative.

Appellee introduced evidence for the purpose of establishing conception of the invention defined by the counts in issue at least as early as March 20, 1939, prior to any date alleged by appellant for conception, and also for the purpose of establishing that the disclosure in his application was operative and sufficient to support the counts in the interference. He relied on his original application (No. 304,541) filed November 15, 1939, for constructive reduction to practice.

The Board of Interference Examiners was of opinion that the contention of appellant Anderson that appellee's device was inoperative because, it was alleged, the transmission disclosed in appellee's application would not operate to drive the vehicle forward or backward was not well taken, and stated that—

"It seems to be conceded from the testimony taken on behalf of Walch that in his Figure 7 the clutch C is improperly shown. It does not appear to us, however, that the particular type of transmission used in propelling the vehicle is of essential importance herein and certainly it is not defined in the issue. Transmissions are old and well-known in this and other arts and it would appear to be well within the realm of mechanical skill to supply a proper transmission. In this respect, it is interesting to note that in the Anderson application involved herein no particular type of transmission is disclosed but the device is merely referred to as having a transmission, and this transmission is illustrated in Figure 8 merely by means of a rectangle 95'. Furthermore, in his testimony Anderson states that he does not consider drive connections from the motor to the rear axle of any special importance but that he figures that whoever manufactured the machine would use power units such as are now available on the market * * *. Again in his cross-examination, Anderson stated that it would not be necessary in describing the invention to tell others of the construction of such things as radius rods, steering gear, drive shaft connections and the like * * *."

The board stated that it was in "agreement with these statements of Anderson" and that it was of opinion "that such changes or additions to the Walch disclosure which may be necessary to make it operative will be obvious to one skilled in the art," and held that, under such circumstances, the "Walch device is operative." In support of its holding, the board cited the case of Creed et al. v. Potts, 96 F.2d 317, 25 C.C.P.A., Patents, 1084.

The board also stated in its decision that appellant Anderson contends that the party Walch "does not disclose a device having a scraping blade on the front body member"; that no such ground of insufficiency of disclosure or operativeness of the Walch device "was presented during the motion period nor has Anderson presented any good and sufficient reason why such ground was not presented earlier. Under such circumstances, we do not believe that Anderson's contentions of inoperativeness as to the second ground may be now properly considered," and in support of the latter statement cited the case of Creed et al. v. Potts, supra. The board then said that "aside from Anderson's right to raise this question at final hearing," it was of opinion that the party Walch disclosed in his application a scraper blade on the front body section "such as is defined in the issue herein"; that Anderson's contention is that the blade on the front body section of the Walch disclosure is not a scraper "because it has no digging action. Admittedly, this is so, but we do not think that the term scraper [as used in counts 1, 2, 4, 5, and 6] is so restricted"; that in the operation of the Walch device the blade on the rear body section "digs into the ground and causes loose earth to boil up in front of it. When the body members are closed preparatory to hauling away the dirt so dug" the scraper blade on the front body section "bites through the loose earth and by this action scrapes it into the" dirt-carrying bowl formed by the telescoping of the front and rear body sections. The board, accordingly, held that appellee's disclosure is sufficient to support the counts in issue.

After considering the evidence in the case, the board awarded appellant Anderson conception of the invention at least as early as July 4, 1939. The board stated that subsequent to appellant's disclosure, at least as early as July 4, 1939, "nothing further appears to have been done by Anderson until around the Christmas holidays of 1939 when he had further talks with Murphy [one of appellant's witnesses] and was referred to Robb and Robb as patent

attorneys who might assist him in obtaining a patent on his device"; that on January 4, 1940, appellant Anderson had a conference with the witness William G. Young, patent attorney associated with the firm of Robb and Robb, regarding the filing of a patent application for the invention in issue; that on March 14, 1940, it was decided to proceed with the filing of an application for patent; and that an application was filed June 4, 1940. (It will be recalled that appellant Anderson abandoned that application on September 1, 1941, and filed his involved application October 13, 1941.) The board further stated that as there was a hiatus between the abandonment of appellant's first application and the filing of his involved application, appellant was entitled to the filing date of his earlier application for conception only, and in support of that statement cited the case of Euth v. Oliver, 70 F.2d 110, 21 C.C.P.A., Patents, 1027.

The board also held that appellant had failed to establish reduction of the invention to practice prior to the filing of his involved application (October 13, 1941); that appellee Walch had established conception of the invention on or about March 20, 1939, by the construction and disclosure of a model, introduced in evidence as appellee's Exhibit D; that, although the model was not "self-propelled," the counts in issue do not require a "self-propelled vehicle"; and that the limitation in counts 1 and 2 of "means for propelling said vehicle" could be "a tractor which is attached to the device as is clearly contemplated in the model of Exhibit D." In so holding, the board stated that appellant Anderson "in his petition to the Commissioner in his abandoned application argues with respect to claims which are identical to the issue herein that it is immaterial whether the motor on the vehicle is used or not"; that his device might be operated by a tractor; and that, at the time of the filing of his "petition to the Commissioner", appellant was of opinion that the involved counts do not require that the device be "self-propelled." The board further stated, however, that should it be held on appeal that appellee's model (Exhibit D) does not disclose the invention and that, therefore, appellee is not entitled to March 20, 1939, for conception, he, nevertheless, is entitled to the filing date of his earlier filed application (November 15, 1939) for conception and constructive reduction to practice of the involved invention, as that application clearly discloses the invention and was co-pending with appellee's involved application; and that should it be held that appellant was the first to conceive the invention, he was the last to reduce it to practice and as he was not diligent during the critical period, that is, at and immediately prior to the time appellee entered the field by the filing of his earlier application (November 15, 1939), appellee is entitled to an award of priority of invention. Accordingly, priority of invention was awarded to appellee.

It is claimed in appellant's reasons of appeal in this court that the board erred in holding that appellee's involved application discloses an operative device or an "operative conception of the invention"; in holding that appellee's earlier filed application discloses an operative device; in holding that appellee's involved application is a continuation of his earlier filed application; in holding that appellee is entitled to the filing date of his earlier filed application for conception of the involved invention and its constructive reduction to practice, in view of the holding of the Primary Examiner during the ex parte prosecution of that application; in holding that the counts do not call for any particular type of transmission for propelling the vehicle; in holding that as transmissions are old and well known in the art it would be within the realm of mechanical skill to supply a proper transmission; in holding that the construction and disclosure of appellee's model (Exhibit D) is a conception of the counts in issue; in holding that the blade on the front body section of appellee's vehicle performs a scraping action during the operation of the vehicle; in not according appellant a date of conception "at least as early as Christmas time of 1939"; in not holding that appellant was diligent from "Christmas time of 1939" to the filing of his involved application (October 13, 1941); and in not awarding priority of invention to appellant.

Appellant contends in his motion to dissolve that the mechanism disclosed in appellee's involved application for operating the vehicle in either a forward or rearward direction is not operative for that purpose, and that the clutching means and the transmission gearing necessary for that purpose are merely described in appellee's application in a general way. No other specific issue is raised in appellant's motion.

As hereinbefore noted, in denying appellant's motion to dissolve, the Primary Examiner stated that appellee disclosed broadly in his application "an engine, geared to a transmission with its gear shift and clutch levers, and in turn driving a differential mechanism on the wheel axle unit"; that the details of the transmission have no bearing on the issues involved in the interference; and that such errors as appeared in appellee's disclosure might be corrected by amendment.

The Board of Interference Examiners was in agreement with the examiner's holding that no particular type of transmission was required to propel appellee's vehicle; that it was within the realm of mechanical skill to supply proper transmission for the desired purpose; that no particular type of transmission was disclosed in appellant's application; and that such changes or additions to appellee's disclosure as might be necessary to make it operative would be obvious to one skilled in the art.

■ Although counsel for appellant argue in their brief that the evidence in the case is contrary to the views expressed by the board that it would be obvious to one skilled in the art to make such changes or additions to the Walch disclosure as would be necessary to make it operative, we are not of that opinion. We have carefully examined the evidence introduced by each of the parties relative to that issue and find no error in the board's decision in that regard.

■ It is well settled that a disclosure in a patent application will not be held inoperative if it may be made operative by one skilled in the art without the exercise of the inventive faculties. Creed et al. v. Potts, supra.

■ The question as to whether appellee's application discloses a blade on the front body section which performs a scraping action during the operation of the vehicle was not raised in appellant's motion to dissolve, although that issue was argued before the board and is argued here. The board held, and properly so, that that issue not having been raised in appellant's motion to dissolve, appellant was not entitled to raise it before the board, and that his contentions in that regard could not properly be considered. Creed et al. v. Potts, supra; Koch v. Lieber, Deceased, 141 F.2d 518, 31 C.C.P.

A., Patents, 979. Although the board proceeded to consider that issue and the contentions of counsel with regard thereto, and held that appellee's application disclosed a blade on the front body section that performed a scraping action during the operation of the vehicle, we think such consideration was contrary to rules 122 and 130 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix.

Rule 122, supra, provides in substance that a motion to dissolve an interference "should contain a full statement of the grounds relied upon."

Rule 130, supra, provides in substance that a party to an interference shall not be entitled to raise the question of the inoperativeness of an adversary's disclosure or the sufficiency of such disclosure unless he has duly presented such questions in a motion to dissolve under rule 122, supra, or shows good reason why such questions were not raised in a motion to dissolve during the motion period.

■ It is well settled that the Rules of Practice in the United States Patent Office, which are authorized by law, have the force and effect of law, and control the procedure in the Patent Office. See Lowry v. Allen, 203 U.S. 476, 478, 27 S.Ct. 141, 51 L.Ed. 281; Broadwell v. Long, 36 App. D.C. 418, 423; In re Horton, 58 F.2d 682, 19 C.C.P.A., Patents, 1151, 1153. No question is raised here as to the validity of rules 122 and 130, supra.

■ It is true that it has been the practice for many years for the tribunals of the Patent Office on their own motion to consider the right of a party to make claims corresponding to the counts in an interference, but that practice is permitted "only in a clear case where there can be no doubt on the question" that certain of the parties are not entitled to make the claims constituting the counts of the interference. See Smith v. Foley v. Anderson v. Smith, 1908 C.D. 210, 213; Heuberger v. Becker, 107 F.2d 601, 27 C.C.P.A., Patents, 746, 751, 752, and rule 126 of the Rules of Practice in the United States Patent Office quoted and construed in the decision in the latter case.

■ As clearly appears from its decision, the board considered the contentions and arguments of counsel relative to the question as to whether appellee's application discloses a blade on the front

body section which performs a scraping action during the operation of the vehicle, and held that appellee's application contains such a disclosure. Owing to the fact that that issue was not raised in appellant's motion to dissolve and as the board's consideration and, holding in that regard are not in conformity with rules 122, 130, and 126, supra, and with the decisions in the cases hereinbefore cited, we are of opinion that the board's holding on the merits relative to that issue is obiter dictum and, therefore, not before us for consideration.

 Contrary to the views expressed here by counsel for appellant, we are of opinion that appellee's involved application, which was co-pending with his earlier filed application, is a continuation-in-part of his earlier filed application.

Regarding the board's holding that appellee's earlier filed application discloses the involved invention and that appellee is entitled to the filing date of that application for conception and constructive reduction to practice, we may say that we have given careful consideration to that matter and are of opinion that appellee's earlier filed application, so far as the issues raised here by the reasons of appeal are concerned, discloses the invention defined by the counts in issue, and that appellee is entitled to the filing date of that application (November 15, 1939) for conception and constructive reduction to practice of the subject matter here in issue.

It is unnecessary that we consider whether appellee is entitled to March 20, 1939, for conception of the invention defined by the counts in issue by the construction and disclosure to others of his model (Exhibit D), nor is it necessary that we consider the correctness of the board's holding that appellant is entitled to July 4, 1939, for conception of the subject matter here involved. Assuming for the purpose of this decision that appellant was the first to conceive the invention defined by the counts in issue, there is no evidence of record to establish that he was diligent in reducing it to practice during the critical period, that is, at or immediately prior to November 15, 1939, when appellee filed his earlier application of which his involved application is a continuation-in-part, and thereafter until appellant filed his involved application October 13, 1941. Accordingly, as appellant was not diligent during the critical period, appellee is entitled to an award of priority of invention of the subject matter defined by the counts in issue.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.