36 C.C.P.A.(Patents)

### ROBIE v. CARLTON.

Patent Appeal No. 5494.

United States Court of Customs and Patent Appeals.

Dec. 7, 1948.

William H. Webb, of Pittsburgh, Pa., and Donald A. Gardiner, of Washington, D.C. (Smith, Michael & Gardiner, of Washington, D.C., and Stebbins, Blenko & Webb, of Pittsburgh, Pa., of counsel), for appellant.

Harold J. Kinney, of St. Paul, Minn. (Carpenter, Abbott, Coulter & Kinney, of St. Paul, Minn., of counsel), for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the single count in issue to Richard Paul Carlton, appellee.

The interference involves the application of appellee, No. 433,028, filed March 2, 1942,

and the application of appellant, No. 469,-232, filed December 16, 1942.

The count in issue reads:

"A flexible abrasive article comprising a flexible backing material and abrasive grains adhesively secured thereto by means of a base adhesive comprising a mixture of a soluble silicate and a resin, said adhesive layer being protected from the atmosphere by a resin size coating."

The invention in issue relates to an abrasive article in which the abrasive grains are adhesively secured to a flexible backing by means of a mixture of soluble silicate and a resin in which an additional resin coating, called a "size coating," is employed as a protection from the atmosphere.

Appellee Carlton submitted no testimony but sought to obtain the benefit of an earlier application, No. 261,069, filed by him on March 10, 1939. Neither the Primary Examiner nor the Board of Interference Examiners found it necessary to determine whether appellee should be accorded the date of the earlier filed application. The Board held that March 2, 1942, the filing date of appellee's application directly involved in this interference, was sufficient to entitle him to an award of priority.

Appellant submitted testimony which, he alleges, shows conception and reduction to practice of the invention in issue by him in 1936 or 1937. He also relies on two prior applications, No. 137,796, filed April 19, 1937, and No. 336,212, filed May 20, 1940, which applications were copending with appellant's application here involved and which were filed by appellant, Raymond C. Benner, Albert L. Ball, and Walter D. Rossow as joint inventors.

The decision in this case depends, to a great extent, upon the interpretation of the involved count. We, therefore, consider that matter at the outset. The count originated in appellant's application. It calls for an adhesive layer "comprising a mixture of a soluble silicate and a resin" which is "protected from the atmosphere by a resin size coating."

In accordance with the ordinary understanding, the expression "resin size coating" would be interpreted as calling for a coating consisting entirely or essentially of resin. If reference is made to a coat of paint, or a coat of varnish, the meaning ordinarily intended is that the coat consists entirely of the specified material. When it is intended to convey the idea that the coating merely contains the specified substance as one of its ingredients, the usual practice is to use such a word as "including" or "comprising." This practice is illustrated in the instant count, which refers to the base adhesive as "comprising" a mixture of silicate and resin, thus making it clear that other materials may be present. The use of the word "comprising" in connection with the adhesive layer, and the failure to use it immediately thereafter in the reference to the "resin size coating," clearly indicates that the "resin size coating" consists essentially of resin. If it was intended to cover any size coating which contained only a substantial amount of resin, it would have been a simple matter to have used language unmistakably conveying that meaning, as, for example, by calling for a "resin-containing size coating."

Moreover, the limitation in the count that the adhesive layer is "protected from the atmosphere" by the "resin size coating" clearly implies that the latter layer, or coating, is more resistant to the atmosphere than the former, since a protective coating would naturally be supposed to be more resistant than the material which it protects. Appellant's application emphasizes the moisture resisting properties of resins and their value in protecting silicate adhesives against atmospheric moisture. In view of that disclosure, the statement that a mixed layer of silicate and resin is protected by a resin size coating would obviously be understood as meaning that the size coating consists essentially of resin and was, therefore, more resistant to the atmosphere than the adhesive.

It is urged by counsel for appellant that the count must be broadly construed and that it is satisfied by any size coating which contains any material amount of resin, since such a coating would necessarily protect the adhesive to some extent. However, the language of the count, if it be considered ambiguous, must be given a con-

struction which is reasonable in the light of the application in which the count originated.

■ We have carefully considered the arguments advanced by counsel for appellant, but are of opinion that the count is limited to an abrasive in which the size coating is essentially resin.

The joint applications relied on by appellant contain substantially the same disclosure, so far as the instant issue is concerned, and need not be considered separately. It was held by both the Primary Examiner and the Board of Interference Examiners that neither of those applications contains a disclosure which supports the count of the instant interference. The applications disclose the idea of protecting an adhesive layer of silicate with a sizing coat of resin. They do not, however, contain any disclosure of the idea of protecting an adhesive layer of mixed silicate and resin by a resin size coating. The disclosures in those applications clearly suggest that the applicants regarded a mixed silicate and resin layer alone to be sufficiently resistant to the atmosphere, and to require no further protection by a resin layer.

■ The joint applications contain general language as to possible modifications involving the mixture of other adhesives, including resins, with the silicates. It is not stated, however, that such a mixture may be applied as an adhesive layer and covered with a resin size coating. The disclosures of those applications, as pointed out by the Board of Interference Examiners, are extremely broad and embrace the possibility of a very large number of modifications. Accordingly, although the invention set forth in the count may not be actually inconsistent with what is set forth in the joint applications, it cannot properly be said to be disclosed therein. As we said in Brand v. Thomas, 96 F.2d 301, 303, 25 C.C.P.A., Patents, 1053: "Lack of clear disclosure is not supplied by a speculation as to what one skilled in the art might do or might not do if he followed the teaching of the inventor. The disclosure should be clearer than to suggest that one skilled in the art *might* construct the device in a particular manner." (Italics quoted.)

We agree with the concurring findings of the examiner and the board that neither of the joint applications discloses the invention here in issue. It is, accordingly, unnecessary to consider the contention of counsel for appellee that appellant, as the sole applicant, would not be entitled to the benefit of the joint applications even if they disclosed the subject matter of the count.

■ The testimony on behalf of appellant relates to articles and processes very similar to those described in the joint applications. It establishes activity by appellant in 1936 and 1937 in connection with abrasives having a *silicate adhesive layer protected by resin* and also to abrasives having an adhesive layer of *mixed silicate and resin* covered by a *size coating including mixed silicate and resin in the same proportions as the adhesive layer*. Neither of those abrasive articles satisfies the requirement of the count as we have construed it. There is no evidence of conception by appellant of an abrasive article having an adhesive layer of mixed silicate and resin and a protecting size coating containing resin in materially greater proportion than the size layer at any time prior to the filing of appellant's application here involved. Furthermore, there is no evidence of the making or testing by or on behalf of appellant of any abrasive article of that type, nor is there any evidence of activity in connection with such articles during the five years preceding the filing of appellee's application here involved. It follows that, even if conception in 1936 or 1937 had been established by appellant, he could not prevail since he was subsequent to appellee in reduction to practice and was lacking in diligence at and immediately before the time when appellee entered the field.

We are of opinion, as was the Board of Interference Examiners, that appellant's proofs fail to overcome the filing date of appellee's application here involved. It is unnecessary, therefore, to consider whether appellee's earlier application supports the count of the interference.

■ Counsel for appellant, in their brief, argue that appellee's application here involved "* * * contains no more of a disclosure in respect to the specific sub-

ject matter of the count that [than] those portions of Robie et al.'s 1937 and 1940 applications discussed above" and state that "*Nowhere in that application is there a specific disclosure of the use of a mixture of silicate and resin as the making coat and a resin as the sizing coat.*" (Italics quoted.) However, since appellant did not file a motion to dissolve the interference on the ground that appellee's application does not support the count, and has not shown good cause why such a motion was not filed, he cannot now be heard to challenge the disclosure of that application. See rule 130 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix; Isom v. Dubbs, 58 App.D.C. 25, 24 F.2d 467; Schweyer v. Thomas, 68 F.2d 953, 21 C.C. P.A., Patents, 859; and Fishburn and Robbins v. Vincent, 88 F.2d 711, 24 C.C.PA., Patents, 1079.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.